# Winch's Appeal.

1. When the title of a wife is disputed and where a creditor has a right to proceed against the property to test the title, it is error to assume jurisdiction in equity and enjoin against the creditor's execution and thus withdraw the facts from a jury.

2. The creditor has the right to sell whatever right he believes the husband has in the property.

3. The jurisdiction of a court of equity to prevent or restrain acts contrary to law and prejudicial to the rights of individuals cannot be used to obstruct the collection of debts.

4. Equity will restrain a creditor only where he is clearly and indisputably proceeding against right and justice to use the process of the law to the injury of another.

5. Hunter's Appeal, 4 Wright 194, explained and approved.

March 22d 1869.   Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.   SHARSWOOD, J., at Nisi Prius.

[Winch's Appeal.]

Appeal from the decree of the Court of Common Pleas of *Warren county*: In Equity: No. 135, to January Term 1869.

In the court below this was a bill filed March 5th 1866, by J. Y. James and Polly S. James, for her use, against H. W. Winch and Robert Allen, sheriff of Warren county.

The bill set out that the complainant, Polly S. James, was a married woman, the wife of the other complainant; that she was owner in her own right, by deed of March 9th 1864, from Lewis Arnett, of lots in the borough of Warren; that Winch issued execution on a judgment held by him against the said J. Y. James, Gholson C. James, and J. D. James, under which her lots above mentioned were sold by the sheriff to Winch for $500, as the property of the above-named defendants in the judgment; that no deed by the sheriff had been acknowledged and delivered, but she believes the sheriff is about to acknowledge and deliver to Winch a deed for the lots; that the defendants in the judgment have no interest in the lots. She prayed that Winch should be restrained from proceeding further against the property; that Allen, the sheriff, be restrained from acknowledging and delivering a deed for the property to Winch, and for general relief.

Winch, in his answer, for himself and Allen, denied that Polly S. James owned the lots. Avers that on the 12th of September 1863, Arnett purchased them at sheriff's sale as the property of said J. Y. James, paid the full amount of his bid, and received a deed for them from the sheriff; that at different times since, J. Y. James had paid the whole amount of Arnett's claims, including the amount of his bid for the lots, except $786. That on the 24th of January 1865, John D. James paid Arnett this sum of $786, and at his request the deed mentioned in the bill was made by Arnett to Polly S. James; that she paid none of the purchase-money to Arnett; that the deed was made with intent to defraud the creditors of J. Y. James and J. D. James; that the defendant Winch held a judgment against the three Jameses at the time Arnett bought the property at sheriff's sale, which is still unpaid. He further averred that Arnett's deed passed to Polly J. James only the legal title as trustee of J. Y. James and J. D. James, in fraud of his rights as their judgment-creditor, and the property was liable to be taken and sold under the execution mentioned in the bill.

A replication was filed and testimony taken, showing the liens, &c., against J. Y. James and J. D. James, the purchase by Arnett, the payment of his debt except $786 by the sales, and the payment of that sum by J. D. James; Arnett's declaration of a purpose to *give* the lots to Polly S. James and the conveyance to her.

The court below (Vincent, J.), delivering the opinion, decreed a perpetual injunction against Winch and Allen in accordance with the prayers of the bill.

The defendants appealed, and assigned the decree for error.

*B. Brown,* for appellant, cited Hunter's Appeal, 4 Wright 194.

*W. D. Brown,* for appellees, cited Bunn *v.* Ahl, 5 Casey 387, Hunter's Appeal, *supra.*

The opinion of the court was delivered, May 11th 1869, by
Agnew, J.—The court below erred in making the decree in this case.  Where the title of the wife is disputed, and where the creditor has a right to proceed against the property to test her title, it is error to assume jurisdiction, and enjoin against the creditor's execution, and thus to withdraw contested facts from a trial by jury.  To do this is to deny the undoubted right of a creditor to sell whatever interest he believes the husband has in the property.  A fraudulent concealment of his title in the name of the wife lies at the bottom of such cases, while on the surface her title may be apparently good.  The jurisdiction given to a court of equity for the prevention or restraint of the commission of acts contrary to law and prejudicial to the rights of individuals, was never intended to be used to obstruct the collection of debts. It is only where the creditor is clearly and undeniably proceeding, against right and justice, to use the process of the law to the injury of another, that equity intervenes to stay his hand.  To adopt another rule would lead to a constant use of the powers of equity to hinder and delay the collection of honest claims, and to prevent the creditor from reaching the marrow of a fraud.  The case of Hunter's Appeal, 4 Wright 194, affords no countenance to this decree.  There the exclusive ownership of Mrs. Hunter in her own right was not denied by plea, answer or demurrer; and the language of the present Chief Justice, in delivering the opinion of the court, fully conceded the right of the creditor to seize and sell the debtor's interest in the property, whatever it might be, and denied the power of the court to interfere *in limine.*  In a recent case (Lyon's Appeal, ante p. 15), decided at this term, while enjoining a creditor against the inequitable use he attempted to make of an admitted encumbrance on a wife's title, which she was willing to pay off, we said it was not to be understood as deciding that in an ordinary case of conflict of interest a party can come into equity to restrain a plaintiff from his right of execution. Such an ordinary case only is the present, and the decree of the court was in violation of the right of execution for the creditor's debt, and had no special equity to support it.

The decree of the court below is therefore reversed, and the bill of the plaintiffs is ordered to be dismissed at their costs.