## Taylor's Appeal.

1. As a general rule, it has been the practice in Pennsylvania for a judgment-creditor to seize and sell in satisfaction of his debt any real estate in which his debtor has or is believed to have an interest. Whenever such interest is alleged, the creditor is permitted to proceed with his execution, and, if there be any question in regard to the title, it may be raised and determined afterwards in an action of ejectment.

2. It is only where the creditor is clearly and undeniably proceeding against right and justice to abuse the process of the law to the injury of another that equity intervenes to stay his hands.

3. Winch's Appeal, 11 P. F. Smith 424, followed.

93 21
155 416

93 21
188 139

93 21
200 416

93  21
26 SC ²640

93  21
212 ¹227

93 21
37SC ² 43

January 28th 1880. Before Sharswood, C. J., Mercur, Gordon, Trunkey and Sterrett, JJ. Paxson and Green, JJ., absent.

Appeal from the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term 1879, No. 119. In Equity.

Bill in equity filed by Henry Moore against William H. Taylor, William H. Wright, sheriff, and William J. Moore.

The bill alleged that in May 1877, William J. Moore made a contract with H. H. Corbin to lay the bricks in the erection of certain houses, for which he was to be paid partly in cash and partly with one of the houses to be erected. On May 22d 1877, H. H. Corbin assigned all his interest as builder to D. R. Corbin, who thereupon assumed the liabilities of H. H. Corbin under the aforesaid contract with Moore. That on January 29th 1878, W. J. Moore having completed his contract, demanded from D. R. Corbin a conveyance of the house and lot agreed to be conveyed to him, and that the conveyance should be made to Henry Moore, to whom William J. Moore had transferred his interest for a valuable consideration. That on the 29th of January 1878, a deed was executed by D. R. Corbin to Henry Moore, but inasmuch as there was a dispute about an item alleged to be still due under the contract, the deed was delivered to a third party to be held in escrow until said dispute was settled. That before said settlement, and while said deed was still held in escrow, one William H. Taylor recovered a judgment in Court of Common Pleas, No. 2, of Philadelphia county, against said D. R. Corbin, and that in pursuance thereof a vend. ex. had issued at the suit of said Taylor, and the lot of ground was advertised to be sold by the sheriff on the first Monday of October 1878, as the property of said D. R. Corbin. That upon the settlement of the disputed item on the 14th of August 1878, the deed was released from escrow and delivered to Henry Moore, and that on the succeeding day it was duly recorded. That the said deed of Donald R. Corbin vested in complainant a good title, in fee simple, free and clear of all debts of said Donald R. Corbin, not then (to wit, on January 29th

[*Taylor's Appeal.*]

1878), of record; for the reason that the equitable title to said premises was vested in said William J. Moore, from the time of his selection of the said real estate, to wit: at and from the date of his said contract with said Corbin, in May 1877, and also for the further reason, that the full consideration for said premises had been fully paid by said William J. Moore, prior to the said 29th day of January 1878, by work done by him under his said contract. That great and irremediable injury will result to, and be inflicted upon complainant, and the title to his property become clouded and unmarketable, if Taylor is permitted to proceed, and said sheriff is allowed to sell said real estate, as he advertises he will do. That the said defendant Taylor, well knowing of complainant's title, as hereinabove set forth, and that the said Donald R. Corbin has had no interest whatever in or to said property since the 29th day of January 1878, has caused said real estate to be levied upon and condemned, and to be exposed for sale as aforesaid, with the express intention and purpose of compelling complainant to pay him, said Taylor, the judgment-debt of $110.36 due to him by said Donald R. Corbin, to avoid litigation, and save the title to complainant's said property from becoming clouded and unmarketable.

The bill prayed for an injunction, special until hearing and perpetual thereafter, to restrain the sheriff and Taylor from proceeding further against the estate of complainant, and from selling the same.

In support of the bill complainant filed two affidavits to the effect that Taylor was fully cognisant of the facts set forth in the bill, and that he had said his purpose in proceeding against the real estate was to force a settlement of Corbin's indebtedness to him; that it would be cheaper to pay his claim than to be involved in litigation and expense and have a cloud thrown upon the title.

In his answer to the bill, William H. Taylor averred, that shortly before the judgment was obtained, D. R. Corbin had fraudulently transferred and conveyed a large number of properties, so that the judgment might not be a lien thereon; that Corbin obtained credit on said property; that he still had an interest in the property in dispute when the judgment was obtained. He also denied that he knew anything about the title of the complainant as set forth in the bill, and averred that the alleged statements imputed to him in the affidavits were false.

The court awarded an injunction in accordance with the prayers of the bill, when Taylor took this appeal, and assigned for error this action of the court.

*Joseph Shoemaker* and *L. R. Fletcher*, for appellant.—A court

[Taylor's Appeal.]

of equity will never, except in case of fraud or irreparable injury, restrain a sale of real estate when a question of title is in dispute. The creditor should be allowed to sell whatever interest he believes his debtor has in land, and the case go to a jury in an action of ejectment. And the decisions to this effect in Pennsylvania are uniform: Winch's Appeal, 11 P. F. Smith 424; Clark's Appeal, 12 Id. 447; Reeser *v.* Johnson, 26 Id. 313; High on Injunction, ch. vi., sects. 267 and 273; Drake *v.* Jones, 27 Miss. 428; Kiehn *v.* McNeil, 47 Mo. 389; Leading Cases in Equity 1408; Benton Tsp. *v.* Kennedy, 2 Luz. Obs. 316; N. Penna. Coal Co. *v.* Snowden, 6 Wright 488; Freeman *v.* Elmendorf, 3 Halst. 475; Purdy *v.* Irwin, 18 Cal. 350; Watkins *v.* Logan, 3 Monroe 20; 1 Dan. Ch. 29. The injury is not irreparable: Clark's Appeal, *supra.* Every allegation of fraud is positively denied by Taylor in his affidavit or answer. The case, in principle, is precisely similar to Winch's Appeal, *supra.*

*E. C. Mitchell,* for appellee.—Where the title of a defendant in the execution is in dispute, the court will not enjoin the creditor's execution, because it would withdraw facts from a jury which should properly be decided by them. If, however, the defendant has no interest, and the creditor is proceeding, against right and justice, to use the process of the law to the injury of another, equity will intervene to stay his hand: Winch's Appeal, 11 P. F. Smith 424; Hunter's Appeal, 4 Wright 194; Lyon's Appeal, 11 P. F. Smith 15; Houston, Smith & Co.'s Appeal, 6 W. N. C. 162. The appellee has no adequate remedy at law. He cannot become a party to the suit, but must proceed by original bill, as was held in Dent *v.* Ross, 11 Casey 337. If the sheriff's sale is allowed to proceed, he will either be compelled to pay the judgment or suffer the irreparable injury of a cloud upon his title.

Mr. Justice STERRETT delivered the opinion of the court, February 9th 1880.

It cannot be doubted that under certain circumstances the power of a court of equity to restrain an execution-creditor from proceeding to sell may be properly invoked; but, as was said in Winch's Appeal, 11 P. F. Smith 424, "it is only where the creditor is clearly and undeniably proceeding, against right and justice, to abuse the process of the law to the injury of another, that equity intervenes to stay his hand."

Tested by this principle, the appellee was not entitled to the special injunction. The appellant, in his affidavit or answer as it is termed, positively denies that he knew anything about plaintiff's title, as set forth in the bill; and avers, that he believed then and believes now, that Corbin had an interest in the property levied on at the time the judgment was obtained. He also denies that he is

proceeding to sell "with the express intention and purpose," charged in the ninth paragraph of the bill. The bill itself discloses the fact that, at the date of the judgment against Corbin, he claimed an interest in the lot to the extent of a part of the consideration therefor, which he alleged had never been fully paid. If he was correct in this, the appellant had a right to subject that interest, whatever it might be, to the payment of his judgment, by levying on and selling the same as the property of Corbin. It is alleged, however, in the bill, that the price of the lot had been fully earned before the judgment was obtained, but this is not admitted. On the contrary, it is impliedly denied in appellant's affidavit.

As a general rule, it has been the practice in this state, for a judgment creditor to seize and sell in satisfaction of his debt any real estate in which his debtor has or is believed to have an interest. Whenever such interest is alleged, the creditor is permitted to proceed with his execution; and if there be any question in regard to title, it may be raised and determined afterwards in an action of ejectment. The reason why the creditors' execution will not be enjoined in such cases is, that to do so, would in effect withdraw, from the consideration of a jury facts which properly should be decided by them. In cases of disputed title to personal property, taken in execution, our interpleader act provides a special mode of proceeding, in which conflicting claims of ownership may be determined, if the sheriff or other officer charged with the execution of the writ sees fit to avail himself of the protection afforded by the act.

In Hunter's Appeal, 4 Wright 194, an injunction restraining the sale of a wife's real estate on an execution against her husband, was sustained; but the decision was put on the ground, that the separate property of a married woman is expressly exempted by statute, from levy and sale for the debts of her husband, coupled with the fact, admitted by the pleadings, that the land levied on belonged exclusively to the wife. This fact was a controlling element in the case. In Winch's Appeal, *supra*, where the title of the wife was disputed, the court refused to restrain the creditor from proceeding with his execution against the alleged interest of the husband and thus preparing the way to test the title, if it became necessary. A somewhat similar principle was recognised in Reeser *v.* Johnson, 26 P. F. Smith 313.

It may happen that the bona fide owner of real estate is subjected to the inconvenience and annoyance of having his property levied on for the debt of one who, perhaps, is not and never has been interested therein; and thus his title may, for the time being, be clouded and rendered unmarketable; but such results cannot be wholly avoided. Relief must be sought, when they do occur in

[Taylor's Appeal.

speeding the final determination of the questions in dispute, by such means as are provided by law for that purpose.

The decree granting the special injunction is reversed and set aside, and it is ordered, that the costs of this appeal be paid by the appellee.