## Frederick Kreamer and D. L. Miller *v.* Margaret G. Fleming, John I. Fleming and Anna Belle Fleming, Appellants.

*Practice, Supreme Court—Interest of appellant—Quashing appeal.*

The Supreme Court will not quash an appeal on the ground that the appellant has no longer an interest in the property in controversy, where the conveyance of the interest does not appear in the record.

*Dower—Merger of dower in fee.*

Where a widow whose dower is charged upon land purchases the land in fee, her life estate is, as to third parties, merged in the fee, and if the property is sold under a judgment against her obtained on a purchase money mortgage, the purchaser takes it clear of the dower, although the sale was ordered to be made " as if the property were clear of liens, and whatever incumbrances should be found not to be discharged should be taken as part of the purchase money." Crosson's Appeal, 125 Pa. 380, explained.

*Judicial sales—Liens—Syllabus of Crosson's Appeal, 125 Pa. 380, corrected.*

Where real estate subject to fixed liens, the amount of which cannot be ascertained at the time of sale, has been sold as if clear, and has brought enough to pay all incumbrances, and there is no one before the court complaining of the result, the orphans' court, as a court of equity, may decline to enforce the strict legal rule as to the discharge of liens to the prejudice of an innocent purchaser, or of an executor who has erroneously but honestly settled with the purchaser on the basis of his bid for a clear title.

Argued March 15, 1899. Appeal, No. 408, Jan. T., 1898, by defendants, from order of C. P. Clinton Co., Jan. T., 1895, No. 117, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of B. F. Geary, Esq., auditor. MAY-ER, P. J., dismissed exceptions to the report of the auditor.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*C. S. McCormick*, for appellants.—Priority of time means priority of right; and priority of interest or estate in land, which is not divested by sale, is also priority of right.

The lien of the purchase money mortgage cannot date earlier than its date; the assignee of the bond, or an interest in the bond, secured by the mortgage, is entitled to just what the face of the mortgage gives him. Its legal effect cannot be changed by judicial construction. There is no possible theory consistent with the well established rules applicable to liens or estates which can sustain the auditor's distribution.

Taking the facts as clearly found by the auditor, and the law as determined by him, the sum of $4,977.44 of dower vested in the land in the proceedings in partition must remain, and to it must, under the order of the court referred to, be appropriated that sum of money.

*Charles Corss*, for appellees.—The whole estate passed by the sheriff's sale: Laughlin v. Shields, 12 Pa. 286.

The widow's interest, at the date of sale, was an estate in the land, and not a lien upon it: Kunselman's App., 183 Pa. 13; Mann's App., 50 Pa. 375; Zeigler's App., 35 Pa. 173; Gourley v. Kinley, 66 Pa. 270.

A sale upon a prior lien sweeps away a fixed lien: Sullivan v. Sullivan, 28 Beavan, 102.

The present bond and mortgage secure two payments, one due one year after date and the other at the death of Margaret G. Fleming. A sale upon a judgment on the bond divests the whole mortgage: Pierce v. Potter, 7 Watts, 475; McGrew v. McLanahan, 1 P. & W. 44; Berger v. Hiester, 6 Whart. 210; West Branch Bank v. Chester, 11 Pa. 282; Clarke v. Stanley, 10 Pa. 472; Hartz v. Woods, 8 Pa. 471; Stewartson v. Watts, 8 Watts, 395.

OPINION BY MR. JUSTICE MITCHELL, May 22, 1899:

An outline of the material facts, omitting details of dates, amounts, etc., will help us to get at the question presented by this very confused record.

1. John Fleming died leaving real estate to his son Thomas, charged with the dower of his widow, Ann.

2. Thomas died intestate leaving a widow, Margaret, the appellant, and two children.

3. On proceedings by the widow of John, the land was allotted to the guardian of Thomas's children, at the appraised value, charged with liquidated amounts representing the dowers of both widows.

4. The guardian sold and conveyed the land in fee to the appellant, widow of Thomas.

5. Appellant gave a purchase money mortgage to the guardian as vendor, covenanting to pay the shares of the children in two years, the interest on the senior widow Ann's dower to her during life, and the principal at her death, and the principal of her own dower to remain charged on the land until her death, she meanwhile retaining the interest.

6. Ann, the senior widow, died, and her dower interest appears to have been settled, as it does not figure any further in the case.

7. For default of payment of one of the children's shares judgment was obtained against appellant and the land sold by the sheriff, producing the fund in court for distribution.

It was stated without contradiction at the argument that, before the sheriff's sale appellant had conveyed her title to her daughter Belle, and a motion is made to dismiss the appeal on the ground that appellant has no longer any interest either in the land or the fund. But as this conveyance, though apparently a fact, does not appear anywhere in the record we are obliged to refuse the motion.

The auditor held that it was the intention of the parties that when appellant became owner of the land, "she was to retain the interest on her share of the mortgage only so long as she remained in possession of the property, and that should she become at any time dispossessed, the payment of interest on the dower should be resumed." And then following the cases which decide that dower is an estate and not a mere lien, and

that as a life estate it cannot be sold on an ordinary fi. fa. and venditioni, he held that appellant's dower was not discharged by the sheriff's sale, and by an application of this ruling, which is not very clear, he allowed a credit to the purchaser of a proportionate share of the value of the dower. The appellant assigns as error that the whole amount was not treated as a continuing charge on the land.

The principles determined in the cases cited by the auditor are well settled, but they have no application here. None of the cases contained the controlling element of a purchase by the tenant in dower of the whole fee. The land was allotted to the guardian of Thomas Fleming's children in fee, subject to appellant's dower (the dower of John's widow being now out of the case) and when she purchased the children's estate she purchased the fee they had, and her own life interest merged in it. It might be that as between the parties no merger was intended, though it is not apparent what interest they had to support such intention, but as to third parties no such intent could control the legal effect and operation of their acts. A conveyance by appellant without express reservation of dower would have carried a clear fee, and she could not have set up against it the intention of the parties in the conveyance to her. So a levy and sale by a creditor on a judgment against her would have been of the fee. The sale was in fact under a judgment on the bond accompanying a purchase money mortgage for default of one of the stipulated payments. There was no question of a discharge of dower or the sale of a life estate. The dower had merged, the sale was by a creditor on a judgment, and was of the fee vested in the judgment debtor. The true effect of the covenants in the conveyance from the guardian to appellant was only to make the part of the gross price of the land which represented her dower not payable until her death, and then without interest.

The sale was on an ordinary judgment at law, but it was ordered to be made as if the property was clear of liens, and whatever incumbrances should be found not to be discharged should be taken as part of the purchase money. As a precedent for this, Crosson's Appeal, 125 Pa. 380, is cited. But that case affords no support for such irregular and dangerous practice. At an orphans' court sale by an administratrix for payment of debts,

the auctioneer announced by direction of the administratrix that the property was subject to two building association mortgages, the exact amount due on which was uncertain, and therefore he would sell the property as if clear, and the purchaser would be allowed for any undischarged incumbrances as part payment on his bid. Sale was made for a sum sufficient to cover all liens, and settlement effected on these terms. On the audit of the account the auditor following Penn Square Building Assn.'s App., 81 * Pa. 330, and other cases, held that the mortgages being fixed charges could not be affected by the announcement of the auctioneer, and therefore were not discharged. He therefore surcharged the accountant for not collecting the whole bid from the purchaser. On exceptions however the court reversed this surcharge and dealt with the whole case as a court of equity, saying : " While the law as stated by the auditor is undoubtedly correct that purchasers at an orphans' court sale buy subject to all the fixed incumbrances, yet equity will not permit the auctioneer, who is the agent of the seller at a sale of this kind, to dig a pit for the unwary purchaser to fall into. . . . Under the facts of this case, this sale might well be set aside, but we think justice will be substantially accomplished by refusing this surcharge." The decision was affirmed, but it was based on the equitable result under the facts, and the controlling facts were that the property brought enough to pay all the incumbrances and be really clear as the purchaser supposed when he bid, and that there was nobody before the court complaining of injury by the result. What the court did was to refuse to apply the admitted general principle of law as an unbending rule to the prejudice of an innocent purchaser, or of the accountant who had got the full value of the land and distributed it to the proper parties. Had the facts been different, as e. g., if the purchase money had been insufficient to meet the incumbrances, or if a first mortgage holder had declined to recognize the discharge of his mortgage and stood on his legal right to have it undisturbed, a very different question would have been presented. The syllabus of Crosson's Appeal as reported that " where real estate to be sold at an orphans' court sale is subject to fixed liens the amount of which cannot be ascertained at the time of sale, it is lawful for the land to be sold as though there were no incumbrances," etc., is misleading and should be

corrected before it does any further mischief. It should read " Where real estate is subject to fixed liens, the amount of which cannot be ascertained at the time of sale, has been sold as if clear, and has brought enough to pay all incumbrances, and there is no one before the court complaining of the result, the orphans' court, as a court of equity, may decline to enforce the strict legal rule as to the discharge of liens, to the prejudice of an innocent purchaser, or of an executor who has erroneously but honestly settled with the purchaser on the basis of his bid for a clear title."

In the present case all the errors of the auditor and the court below to which our attention has been directed were in appellant's favor, and she therefore has no right to complain.

Decree affirmed with costs to be paid by appellant.