## Kreamer v. Fleming, Appellant.

*Execution—Sale of real estate—Equity.*

Ordinarily a bill in equity will not lie to restrain an execution creditor from proceeding in due course to sell real estate alleged to belong to his debtor. Ejectment is generally the exclusive remedy in cases of disputed title. But where the process of law is being used against right and justice, to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted.

The practice in regard to interference with a creditor levying on an alleged interest of his debtor, is assimilated to the general chancery practice upon bills to remove cloud upon title, and the jurisdiction of equity is only exercised where the facts are clear, and the hardship or inadequacy of the common-law procedure is manifest, but where these elements appear, the court will not be deterred from intervention by the fact that the practice at common law has been so long established and that all presumptions are in its favor.

*Execution—Venditioni exponas—Permission to issue writ—Merger—Life estate in remainder—Estoppel.*

Where a widow purchases the remainder interests of her children, and her life estate and the remainders become merged in her in fee, and thereafter her estate is sold in proceedings under a purchase money mortgage given to one of the children, the court will not subsequently permit a venditioni exponas to issue to sell an alleged life interest in the widow. In such a case there is nothing which a new sale could vest in the purchaser, and an ejectment founded on a sheriff's deed. under it, would of necessity fail. If, however, the purchaser of the widow's interest under the mortgage proceedings acquiesces in a mistake made by the court that the widow's dower was not divested, and he receives a credit on his bid on account of the dower, and thereby is relieved from paying that much of the purchase money, he is estopped from objecting to the issuance of the venditioni exponas to sell the dower interest.

Argued March 18, 1901. Appeal, No. 266, Jan. T., 1900, by William F. Schroeder et al., from order of C. P. Clinton, Co., Jan. T., 1898, No. 408, making absolute a rule to show

cause why a venditioni exponas should not issue in case of Frederick Kreamer v. Margaret G. Fleming. Before McCol-LUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Rule to show cause why writ of venditioni exponas should not issue to sell life estate.

The facts are stated in the opinion of the Supreme Court. See also 191 Pa. 536.

*Error assigned* was the order of the court.

*C. S. McCormick*, for appellants.—The sale in the mortgage proceedings passed the fee to the purchaser free from incumbrances: Landis v. Lyon, 71 Pa. 475; Stecker v. Shimer, 5 Wharton, 458; Reigle v. Seiger, 2 Penrose & Watts, 343; Duey v. Clemens, 1 Pa. 118; Kreamer v. Fleming, 191 Pa. 534.

*Charles Corss*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, October 11, 1901:

It was settled in Kreamer v. Fleming, 191 Pa. 534, that when Margaret Fleming purchased the children's estate, " she purchased the fee that they had, and her own previous life interest merged in it. . . . . A levy and sale by a creditor on a judgment against her would have been of the fee. The sale was in fact under a judgment on the bond accompanying a purchase money mortgage, for default of one of the stipulated payments. There was no question of a discharge of dower or the sale of a life estate. The dower had merged. The sale was by a creditor on a judgment, and was of the fee vested in the judgment debtor."

The present case raises the question whether the court shall grant a writ of venditioni exponas to sell the alleged life estate of Margaret Fleming remaining in the land. There are no facts in dispute, and as a matter of title, it is clear under the law that there is no estate or interest left in Margaret Fleming, and that a sale on a writ against her would be ineffective and useless for any purpose. We have then the question why should the leave of the court be granted?

It is the long established practice in this state for a judgment creditor to levy upon and sell any interest his debtor has or is believed to have in land, and have the fact of such interest tried in ejectment by the purchaser. This practice is founded primarily upon the law that in Pennsylvania land is assets for the payment of debts, and in the absence of a court of chancery there was no way of trying the debtor's alleged title except by ejectment. It was one of the ingenious methods invented by the early lawyers to apply equitable principles under common-law forms, and in the great majority of cases perhaps works well enough. It falls in moreover with the general rule that questions of fact should be tried by a jury, and indeed some cases have assigned that as its reason: Taylor's Appeal, 93 Pa. 21; Davis v. Michener, 106 Pa. 395.

But at best it is only a makeshift, and leaves many hardships without adequate remedy. This is regretfully admitted even by the cases which enforce the rule. In Hunter's Appeal, 40 Pa. 194, it was said by THOMPSON J: "True the practice does often put the real owner to the trouble and expense of defending against title so obtained (by sale under levy) and of showing that the debtor had no interest whatever in the property sold. The cloud upon his title is often doubtless an injury; but notwithstanding this the doctrine that the creditor has a right to seize and sell his debtor's interest in property whatever it may be, has been so firmly fixed, that the courts have not been armed with power to interfere in limine." And in Taylor's Appeal, 93 Pa. 21, STERRETT J., said: "It may happen that the bona fide owner of real estate is subjected to the inconvenience and annoyance of having his property levied on for the debt of one who perhaps is not and never has been interested therein; and thus his title may for the time being be clouded and rendered unmarketable; but such results cannot be wholly avoided."

Notwithstanding however the reluctance of the courts to disturb a practice so long established, the demands of equity have in some cases been too strong to be resisted. The first instance reported is Hunter's Appeal, 40 Pa. 196, where an injunction was granted against the sale of a wife's land on a levy under a judgment against her husband. The court proceeded with great caution, basing its judgment on the two grounds

that such a levy was in violation of the act of 1848 and that the wife's title was undisputed.

Again in Thompson's Appeal, 107 Pa. 559, a bill was sustained not only enjoining a creditor who had bought the husband's title at sheriff's sale from bringing repeated actions of ejectment upon it, but also requiring the surrender and cancelation of the sheriff's deed. And finally, in Natalie Anthracite Coal Co. v. Ryon, 188, Pa. 138, it was said: " Ordinarily a bill in equity will not lie to restrain an execution creditor from proceeding in due course to sell real estate alleged to belong to his debtor. Ejectment is generally the exclusive remedy in cases of disputed title. But where the process of the law is being used against right and justice, to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted, " citing Winch's Appeal, 61 Pa. 424, and other cases.

Artman v. Giles, 155 Pa. 409, relied upon by appellee goes no further than to show that the general rule allows the creditor to proceed, and the interference of equity is exceptional, a principle in which all the cases agree.

The result of the authorities is that the practice in regard to interference with a creditor levying on an alleged interest of his debtor, is assimilated to the general chancery practice upon bills to remove cloud upon title, and the jurisdiction of equity is only exercised where the facts are clear, and the hardship or inadequacy of the common-law procedure is manifest, but where these elements appear, the court will not be deterred from intervention by the fact that the practice at common law has been so long established and that all presumptions are in its favor.

The law compels no party, and certainly no court, to do a vain or useless thing, and therefore if a bill could be sustained by the present appellant to prevent a sale which would throw a cloud upon his title, a fortiori, a court will not grant permission for the issue of a writ leading to such sale. The case is so far out of the ordinary that the alleged interest of the debtor is a life estate, the sale of which requires the allowance of the writ by the court. As already said the facts are undisputed. It has been finally adjudicated by this court in 191 Pa. 534, that the judgment debtor's entire estate and interest in

the land was divested by the prior sale. There is nothing therefore which a new sale could vest in the purchaser, and an ejectment founded on a sheriff's deed under it, would of necessity fail. It is a clear case of asking the court to do a vain and useless thing.

So far we have discussed the case as a precedent upon general principles, and they call for a refusal of the writ. But appellee. directs our attention to the special circumstances by which he claims that as to appellant the matter is res adjudicata, and appellant is estopped by his previous action. This claim seems to be well founded. Appellant Shroeder derives title by sheriff's deed under sale by venditioni exponas on a general judgment against Margaret Fleming. As Margaret Fleming's dower had merged in her fee simple by purchase from the children, the sale as heretofore said divested all her estate. But the court below held otherwise. The sale was made as if free of all incumbrances, and such incumbrances as were subsequently found not to be discharged were deducted from the amount of purchase money that Shroeder was compelled to pay. The auditor held that Margaret Fleming's dower was not divested and the court confirmed his report. This was not only an erroneous conclusion of law but also incorrect practice as subsequently held in 191 Pa. 534.* But the present parties acquiesced in it. The debt on the mortgage was $18,937, and the fund in court $7,479. The auditor thereupon made a pro rata distribution by which he allowed $2,025 for the dower interest of Margaret Fleming, and credited that amount on Shroeder's bid without the payment of the money. Margaret Fleming appealed on the ground that her whole dower of $5,130 should continue to be charged against the land, but her appeal was not sustained. The other parties acquiesced in the decision, and as to them it became the law of the case. Kreamer received only a part of his debt and is now endeavoring to collect the balance from his debtor; Shroeder paid only part of the money due on his bid, and accepted the property charged with the balance. By such action he estopped himself

---

*In the report of this case, 191 Pa. 539, line 2, the word "is" should be struck out, so that the line will read, "where real estate subject to fixed liens," etc.

from disputing it as a debt due to Margaret Fleming, and therefore to her creditors when properly taken in execution. If he has any equities arising from subsequent transactions with her or other parties, they can be shown in defense of his title when it is directly attacked in ejectment.

It is claimed by the appellant arguendo that he bought the land free of all incumbrances. To avoid misunderstanding hereafter it may be well to say expressly that the case has been determined only as between the parties now before us. No questions as to any other charges against the land in favor of Anna Belle Fleming or other parties are raised by the record and none such have been considered.

Order affirmed.