## Mantz, Appellant, *v.* Kistler.

*Execution—Identity of defendant in the execution—Sheriff's sale—Stay of sale—Injunction—Equity—Jurisdiction—Adequate remedy at law.*

In Pennsylvania a creditor is allowed to sell any title alleged to be in the debtor, and to try the validity of it afterwards in an action of ejectment by the purchaser.

A person named as defendant in an execution cannot maintain a bill in equity to restrain a sheriff's sale of his property on the ground that he is not in fact the defendant, but that another person of similar or identical name is the defendant. Such a question is one of fact for the decision of a jury. The court will permit the sale to go on, and let the question raised by the person named as defendant be decided by a jury in an action of ejectment brought by the purchaser at the sale against the defendant named.

Argued Feb. 19, 1908. Appeal, No. 401, Jan. T., 1907, by plaintiff, from decree of C. P. Schuylkill Co., Sept. T., 1907, No. 2, dissolving preliminary injunction in case of Francis K. Mantz v. Charles S. Kistler et al. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction.

Motion to continue preliminary injunction.

BECHTEL, P. J., stated the case to be as follows.

David Lorah et al. recovered a judgment against Francis Mantz et al., to No. 318 September Term, 1895, on March 28,

1907, for $1,700. This judgment has since become the property of Charles S. Kistler, and an execution has been issued thereon. The sheriff, in attempting to collect the amount of his writ, levied upon the property of Francis K. Mantz, who' came into court and filed his bill in equity to the above number and term, and obtained a preliminary injunction to restrain further action as to his property. The ground of this action is that the plaintiff in this equity proceeding says: He is not the Francis Mantz who is a defendant in No. 318, September Term, 1895, and consequently his property should not be made to answer for the above mentioned debt. It is, therefore, first, a question of identity, and, second, a question of remedy, under the contention of the defendant, as he denies the right of the plaintiff to the intervention of a court of equity. An answer has been filed, fairly raising these questions, and testimony has been taken. As this is a motion to continue an injunction, and the answer is a denial of the material allegations of the bill, the plaintiff has the laboring oar. The testimony submitted in his behalf shows that he is not the Francis Mantz, defendant in the judgment, as he contends, but the testimony of the defendant tends to contradict his evidence and tends to show the contrary. If the evidence of the defendants is to be accepted, then it rather convicts the plaintiff of the trespass which is the foundation of the judgment. A careful examination of all the evidence presented points out the existence of an honest disputed question of fact.

The court entered a decree dissolving the preliminary injunction.

*Error assigned* was the decree of the court dissolving the injunction.

*R. H. Koch*, with him *E. O. Nothstein*, for appellants.— Where the process of law is being used against right and justice to the injury of another, the right of the latter to invoke the intervention of a court of equity cannot be doubted: Kreamer v. Fleming, 200 Pa. 414; Natalie Anthracite Coal Company v. Ryon, 188 Pa. 138; Taylor's Appeal, 93 Pa. 21; Winch's Appeal, 61 Pa. 424. It is also settled that an injunction may be granted to restrain the sale of land under a

judgment which is not a lien on the land : Houston, Smith & Co.'s Appeal, 6 W. N. C. 162 ; Mitchell v. Forve, 5 Kulp, .501.

*Guy E. Farquhar* and *J. W. Moyer*, for appellee, were not heard.

Opinion by Mr. Chief Justice Mitchell, May 4, 1908 :

The substantial fact on which this case turns is the identity of the complainant with the Francis Mantz who was a party defendant to the judgment sought to be enjoined. Presumably this is a question of fact for the decision of a jury. The practice in Pennsylvania is to allow a creditor to sell any title alleged to be in the debtor, and to try the validity of it afterwards in an action of ejectment by the purchaser : Taylor's Appeal, 93 Pa. 21. It is not the best system, being a make shift, in the absence of a court of chancery, for the administration of equitable principles under the forms furnished by the common law. But it is settled as the practice in this state, and in the present case it is not altogether inconvenient, and certainly not inadequate. The remedy in equity as administered in some jurisdictions, notably our neighboring state of New Jersey, is very much superior. There the rights of parties are fought out and adjusted in advance of a sale, so that every claimant or outside purchaser may bid at the sale with exact knowledge of what title will pass, and what disposition will be made of the proceeds. But the other practice has been long established here, and is only departed from in very clear cases : Hunter's Appeal, 40 Pa. 194 ; Winch's Appeal, 61 Pa. 424 ; Kreamer v. Fleming, 200 Pa. 414.

In the present case the issue as already said is upon a single question of fact, the identity of the complainant, Francis K. Mantz, with the Francis Mantz, defendant in the judgment. It is an issue, prima facie, for the determination of a jury, and the inconvenience of postponing its decision until an ejectment after the sale is not great enough to bring the case within the exceptions to the general rule.

Decree affirmed.