# Fortna et al., Appellants, *v.* Donaldson.

*Real estate—Life tenancy—Sale of—Act of January 24, 1849, P. L. 677—Equity—Bill to restrain sale.*

On a bill in equity to restrain the defendant from issuing a writ of liberari facias, it appeared that the plaintiff claimed she had only a life tenancy in the real estate in question, and that the defendant was attempting to sell, without complying with the provisions of the Act of January 24, 1849, P. L. 677. It was also established from the pleadings that the plaintiff was in possession

100    FORTNA et al., Appel., v. DONALDSON.

of the property and that she had an interest therein, although she claimed that it was a life estate, and defendant averred that it was an estate in fee simple.

In such case, the court did not err in refusing to restrain the defendant from proceeding to sell the property, and the bill was properly dismissed.

A court of equity has power to restrain an execution creditor from proceeding to sell, but it is only when the creditor is clearly and undeniably proceeding against right and justice, to abuse the process of the law to the injury of another, that equity intervenes to stay his hand.

The practice in Pennsylvania is to allow a creditor to sell any title alleged to be in the debtor, and to try the validity of it afterwards in an action of ejectment by the purchaser. It is not the best system, but a makeshift, in the absence of a court of chancery, for the administration of equitable principles under the forms furnished by the common law.

Argued October 28, 1924. Appeal, No. 64, Oct. T., 1924, by plaintiffs, from judgment of C. P. Lebanon Co., Equity Docket, 1921, No. 7, dismissing bill in equity in the case of Emma L. Fortna, Annie E. Shurr, Carrie Keinard, Emma Grove, Harry D. Fortna, Edward W. Fortna, Jennie May Kalbach, Walter Shirey and Marie Elliot v. Thomas B. Donaldson, Insurance Commissioner, as such Statutory Liquidator of the Dissolved Central Mutual Fire Insurance Company. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity to restrain an execution creditor from proceeding to sell. Before HENRY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiffs appealed.

*Error assigned* was, among others, the decree of the court.

*C. G. Derr,* and with him *Walter B. Freed* and *Warren G. Light,* for appellant.—It was error not to grant

the injunction and protect the plaintiff where the proceedings of law were being used against right and justice: Winch's App., 61 Pa. 424; Taylor's App., 93 Pa. 21; Davis v. Michener, 106 Pa. 395; Kreamer v. Fleming, 200 Pa. 414; Houston Smith and Company's App., 6 W. N. C. 162; Barrell v. Adams, 26 Pa. Superior Ct. 635.

*Walter C. Graeff,* and with him *Robert Grey Bushong,* for appellee.—Equity has no jurisdiction to restrain the sale of real estate on execution process merely because the execution debtor contends that his estate therein is for life and not in fee: Mantz v. Kistler, 221 Pa. 142; Du Four v. Bubb, 199 Pa. 107; Doebler's App., 64 Pa. 9; Grimes v. Shirk, 169 Pa, 74; Armstrong v. Michener, 160 Pa. 21; Mylin v. Hurst, 259 Pa. 77.

OPINION BY PORTER, J., March 13, 1925:

The appellants in their bill in equity averred that Emma L. Fortna, one of their number, had become indebted to the defendant and that the latter had obtained a judgment against the former, upon which a fi. fa. had been issued and levied upon the interest of the said Emma L. Fortna in certain real estate in the City of Lebanon; that proceedings were taken to condemn such real estate and the defendant in this proceeding, (plaintiff in that judgment) and the sheriff of Lebanon County threatened to issue a writ of liberari facias and sell said real estate, as though the estate of Emma L. Fortna was a fee and not an estate for life, without complying with the provisions of the Act of 1849, P. L. 677. The bill averred that the estate of Emma L. Fortna in the property was a life estate, and that the remainder in fee was vested in the other plaintiffs in the bill, the title of all of the parties being derived under the will of Edward Gebhard, deceased. The bill prayed that it be decreed that the estate of Emma L. Fortna was an estate for life and that the defendant be restrained from issuing a writ

of liberari facias and proceeding to sell said property as if her estate were one in fee. . The answer averred, in substance, that under the will of Edward Gebhard, deceased, Mrs. Fortna took an estate in fee simple in the lands and admitted that·the defendant proposed to sell that interest, under proceedings upon his judgment, as if it were such an estate. The learned judge of the court below, after a hearing, refused the relief prayed for and dismissed the bill. The plaintiffs appealed from that decree.

It clearly appeared from the pleadings that Emma L. Fortna was in possession of the property and that she had an interest therein, the plaintiffs asserting that it was a life estate and the defendant averring that it was an estate in fee simple. This was, therefore, not·a case in which the defendant in the judgment, upon which her creditor was proceeding to sell the land, had no interest whatever in the property. It cannot be doubted that under certain circumstances the power of a court of equity to restrain an execution creditor from proceeding to sell may be properly invoked, but it is only when the creditor is clearly and undeniably proceeding, against right and justice, to abuse the process of the law to the injury of another, that equity intervenes to stay his hand: Winch's App., 61 Pa. 424; Taylor's App., 93 Pa. 21. · The language of Mr. Chief Justice MITCHELL in Mantz v. Kistler, 221 Pa.. 144, is peculiarly applicable to the present case: "The practice in Pennsylvania is to allow a creditor to sell any title alleged to be in the debtor, and to try the validity of it afterwards in an action of ejectment by the purchaser......It is not the best system, but a makeshift, in the absence of a court of chancery, for the administration of equitable principles under the forms furnished by the common law. But it is settled as the practice in this State, and in the present ·case it is not altogether inconvenient, and certainly not inadequate." It may happen that the bona fide owner of real estate is subject to the inconvenience and annoy-

ance of having his property levied on for the debt of one who, perhaps, is not and never has been interested therein; and thus his title may, for the time being, be clouded and rendered unmarketable; but such results cannot be wholly avoided. Relief must be sought, when such results do occur, in speeding the final determination of the question in dispute, by such means as are provided by law for that purpose. Such relief is certainly adequate in the present case. If the property is sold, Mrs. Fortna, who avers that she is tenant for life, can, under the present statutes, compel the purchaser at the sheriff's sale to bring an action of ejectment. If she has but an estate for life, and not a fee simple, then unless the provisions of the Act of January 24, 1849, have been complied with, the sale will be adjudged void and will confer no title on the purchaser: DuFour v. Bubb, 199 Pa. 107. The inconvenience of postponing the decision until an ejectment after the sale was not enough to bring the case within the exception to the general rule. The court did not err in refusing to restrain the appellee from proceeding to sell the property, under proceedings upon his judgment, and it necessarily followed that the bill must be dismissed.

The decree is affirmed at the cost of the appellants.