## Quackenbush v. Steckel et ux.

*Equity—Jurisdiction—Remedy at law—Fraudulent conveyance—Setting aside conveyance—Act of May 21, 1921.*

Where a person has, in fraud of creditors, used his own money to purchase real estate and taken the title thereto in the name of his wife, a creditor defrauded may either issue execution and sell what interest the fraudulent debtor has in the real estate or he may, since the Act of May 21, 1921, P. L. 1045, file a bill in equity to restrain the debtor and his wife from selling or encumbering the property.

Preliminary objection to plaintiff's bill. C. P. Lackawanna Co., Oct. T., 1925, No. 32.

*Lee P. Stark* and *Kelly & Kennedy*, for plaintiff.

*E. C. Amerman* and *James F. Bell*, for defendants.

POTTER, P. J., 17th judicial district, specially presiding, Oct. 12, 1926.—The plaintiff holds a judgment in the sum of $2484.12 against Louis Steckel, entered of record in the Court of Common Pleas of Lackawanna County as of March Term, 1924, No. 436. Louis Steckel is said to be insolvent, in fact, owns no property of any kind except his interest, whatever that may be, in several building lots in the City of Scranton, which were recently conveyed to his wife, Bessie Steckel.

It is alleged that he furnished the money to pay for these lots, had the conveyances for them made in the name of his wife to avoid his creditors, and that his wife had no means of her own with which to pay for them.

The plaintiff has filed his bill asking that these defendants be restrained from disposing, conveying or encumbering the lots, and that the title to them be judicially vested in Louis Steckel.

The defendants have filed a preliminary objection to the bill "that upon the facts averred in the bill plaintiff has a full, complete and adequate remedy at law," which we have been called on to pass upon.

Before the passage of the Act of May 21, 1921, P. L. 1045, relative to fraudulent conveyances, it seems there was only one method of procedure open to the plaintiff, which was at law, by the issuance of execution and selling what interest Louis Steckel might have in the lots.

However, an examination of the above cited act would seem to provide two methods of procedure, either of which can be adopted by the plaintiff, as stated in section 9, viz.: "Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim," or "to disregard the conveyance and attach or levy execution upon the property conveyed." The first method has been adopted by the plaintiff.

We think he can choose either method. The act is very plain in this matter and gives the plaintiff either of two methods of procedure. We have with interest examined the brief filed by counsel for the defendants and find all

the cases cited therein, except one, to have been decided before the passage of this act. The case decided after the enactment of this statute is that of American Trust Co. v. Kaufman et al., 276 Pa. 35, the opinion of which was rendered Jan. 3, 1923, by Justice Schaffer. On page 40 he says: "A judgment creditor is *allowed* to levy upon and sell any title or interest or supposed interest alleged to be in the grantor and to try the validity of the title afterwards in an action of ejectment." Citing Taylor's Appeal, 93 Pa. 21; Davis v. Michener, 106 Pa. 395; Hyde v. Baker, 212 Pa. 224, and Mantz v. Kistler, 221 Pa. 142.

It is to be noted the justice does not say this method *must* be followed. The creditor is *allowed* to do so, or he may follow the other method provided by the Act of May 21, 1921, P. L. 1045. The one is an equitable proceeding, the other is at law. The plaintiff has chosen the proceeding by bill in equity, which we think he has a right to do. And, from the language used by Justice Schaffer, we think he also recognized this option on the part of the plaintiff.

And now, to wit, Oct. 12, 1926, the preliminary objection to the plaintiff's bill is dismissed, to which ruling an exception is noted for the defendants and a bill is sealed.

From William A. Wilcox, Scranton, Pa.