## Hollinger v. Penn Harris Real Estate, Inc.

*Thomas C. Zerbe,* for petitioners.

*Richard S. Friedman, Friedman & Friedman,* and *Louis J. Adler, Kohn, Adler & Adler,* for respondents.

LIPSITT, J., January 28, 1966.—This proceeding arises from a petition filed by Max C. Glatfelter and Frances L. Glatfelter, his wife (hereinafter called "Glatfelters"), requesting this court to stay the execution of writ no. 208, June term, 1965, issued on a judgment entered September term, 1964, no. 2045, to stay the sheriff's sale of real estate at 303 Hickory Hill Road, Susquehanna Township, Dauphin County, Pa., and to declare the aforesaid judgment entered against the Penn Harris Real Estate, Inc. (hereinafter called "Penn Harris") invalid as against the said property. The execution and sheriff's sale were stayed by order of court, and a rule issued upon plaintiffs to show cause why the judgment entered to said number and term

should not be declared invalid as against the said property. The original plaintiffs were William M. Hollinger and Clara Hollinger (hereinafter called "Hollingers"). By reason of an assignment which petitioners contend was ineffective, the original codefendants, John Suszko and Margaret Suszko (hereinafter called "Suszkos"), are the real plaintiffs in this action.

The judgment was entered by the Hollingers against Penn Harris and the Suszkos on December 18, 1964, for the principal sum of $1,666.67. An assignment, dated July 28, 1965, executed by their attorney, assigned all the rights, title and interest of the Hollingers in the judgment to the Suszkos. The Hollingers executed a ratification of the assignment, which was filed in the office of the Prothonotary of Dauphin County on September 10, 1965. The Suszkos issued execution against Penn Harris on August 6, 1965. The sheriff's sale was to take place on September 2, 1965, but on August 23, 1965, the Glatfelters filed their petition with this court, and the aforementioned stay and rule were thereupon granted.

The petition makes the following averments. Under date of June 4, 1964, the Glatfelters and Mrs. Charles Lefever entered into a written agreement with Penn Harris for the purchase of the premises in question for the purchase price of $20,400. At the time of the execution of the agreement, the sum of $3,500 was paid by the Glatfelters to Penn Harris, on account of the purchase price and final settlement was scheduled for September 2, 1964, at which time the Glatfelters took possession of the premises, where they have continuously lived since that date. However, the consummation of the sale was postponed because of the failure of Penn Harris to secure a corporate liens release from the Commonwealth of Pennsylvania. On the date of the scheduled settlement, to wit, September 2, 1964,

the only liens against Penn Harris were a judgment in favor of Graymor, Inc., et al., and a mortgage in favor of West Ward Savings and Loan Association of Shamokin, and the proceeds of the sale at that time would have been sufficient to pay the recorded outstanding liens. The Glatfelters state that they had been ready and willing, and had offered to make final settlement at various times since September 2, 1964, and that Penn Harris delivered to them a deed for said property dated April 14, 1965, which was duly recorded in Dauphin County on April 22, 1965, and that they had delivered to their attorney the entire balance of the purchase price, which the attorney is holding for the purpose of paying the lien creditors entitled to the proceeds. It is alleged that the assignment to the Suszkos was invalid and that plaintiffs had notice of the rights of the Glatfelters, and that the only recourse for the holders of this judgment was against the balance of funds remaining after the payment of prior liens, presumably those in existence on September 2, 1964, against Penn Harris.

The Suszkos filed preliminary objections to the petition in the nature of a demurrer and a motion for a more specific pleading. No argument was submitted on behalf of the motion for a more specific pleading. The demurrer contends that the relief sought by the Glatfelters is not available in the proceedings before the court, that the petition fails to set forth a cause of action upon which the Glatfelters are entitled to the relief sought, and that the Glatfelters are not proper parties and have no standing to stay the execution or pursue the relief requested.

The arguments have developed a degree of opacity because of the tendency to overlap the procedures involving a staying of the execution with the substantive determination of the validity of the judgment against certain real estate, which would require the court to

decide whether the Glatfelters or a purchaser at the sheriff's sale would have the superior title to the property.

There is a preliminary question relative to the preliminary objections. The procedure applicable in Pennsylvania on a petition is covered by the Pennsylvania Rules of Civil Procedure, rules 206 to 209. This procedure does not contemplate the preliminary objections applicable to pleading in actions at law. The proper pleading to a rule to show cause is an answer to the petition: 2 Anderson, Pa. Civ. Prac. §§206.1 and 206.3.

Judge Troutman in Northumberland County considered this problem in the case of Consolidated Real Estate Company v. Northumberland County, 72 D. & C. 23 (1950):

"While no formal objection appears on the record, at the time of the argument petitioner raised the question that there is no provision in the Rules of Civil Procedure providing for the filing of preliminary objections in a proceeding by petition and rule, the only pleading contemplated following the filing of the petition and the issuance of the rule thereon being the filing of an answer by respondents.

"Rules 206-209 of the Rules of Civil Procedure govern the procedure on petition and rule. These rules contemplate a petition and an answer thereto and are silent concerning the right to file preliminary objections either to a petition or an answer. Rule 1017 provides for the filing of preliminary objections and is included under the rules governing actions at law. Strictly speaking, therefore, preliminary objections may only be used in an action at law": Page 25.

An opinion to the same effect was rendered by Judge Reimel, of the Philadelphia Common Pleas Court, in Tonuci v. Lennon, 13 D. & C. 2d 791 (1957).

In both of the cited cases, the courts were willing to dispose of the issues raised by the preliminary objec-

tions, despite the difficulty caused by the application of the Pennsylvania Rules of Civil Procedure.

The preliminary objections here will be treated as a petition raising the question of jurisdiction and a determination made in this proceeding.

The court unquestionably has the right to stay an execution under Rule 3121 of the Pennsylvania Rules of Civil Procedure, subsections (b) and (d), which authorize a stay of execution upon any party in interest showing legal or equitable ground therefor, and relief from execution may be granted to third parties attacking an execution sought to be enforced against property which belongs to them. See 7 Standard Pa. Prac. §471, page 670. However, these rules must be limited in their scope to practice and procedure, and cannot be used in all instances to resolve controversies containing factual and substantive issues.

The important question raised by the preliminary objections is whether there is any authority in the law for petitioners to proceed by petition to declare a judgment invalid against a particular piece of property. As Judge Troutman stated in Consolidated Real Estate Company v. Northumberland County, supra: ". . . a rule is not an original process but is auxiliary, and for the facilitating of jurisdiction already acquired, except where it is authorized by statute to be used as an original process: Petrovich Appeal, 155 Pa. Superior Ct. 138; Commonwealth v. Dauphin County et al., 354 Pa. 556, 562".

It may be argued that petitioners here are seeking to open or strike the judgment and are, therefore, entitled to proceed by requiring the filing of a responsive answer, the taking of depositions and argument before this court. It is pointed out, however, that petitioners themselves state that they are not requesting the opening of the judgment or attacking it, but are solely attacking the writ of execution. The situation presented

in this case would confirm the position acknowledged by petitioners that there is no reason for an attack on the judgment itself, as there is nothing irregular either on the face of it or alleged because of matters dehors the record. There is no defense offered to the judgment. The only ground for this proceeding is that the wrong property is being executed upon by the sheriff. However, a stay of execution cannot stand by itself as a form of action. It must be auxiliary to a matter in which jurisdiction has already been acquired and is collateral to some other type of relief sought. A stay of execution cannot be used as a substitute for a proper legal remedy: 33 C. J. S. 311, §139.

The present proceeding being original, there must be some authorization to enable this court to entertain this petition to declare the judgment invalid. No authority, either by statute, expressed or implied, or any case law, has been cited by petitioners which grants this court the right to determine this question. The Pennsylvania Supreme Court, in the case of Greater Valley Terminal Corporation v. Goodman, 415 Pa. 1 (1964), dealt with an execution on personal property in the hands of third persons, and the court, in explaining that title to property could not be properly adjudicated under the procedures contemplated by the Pennsylvania Rules of Civil Procedures concluded:

"If the courts of Pennsylvania are to have the power to adjudicate title to property in plenary proceedings supplementary to execution, either the legislature or our Rules of Court must specifically so provide": Page 8.

The Superior Court, in Broadway National Bank of Scottdale, Pa. v. Diskin, 105 Pa. Superior Ct. 279 (1932), where a third party (in this case a wife) had sought to strike a judgment, held:

". . . If in fact the land levied upon is her property the purchaser will acquire no interest on a sale under

the present judgment. A bona fide purchaser, at a valid sale of property under execution, who has received the sheriff's deed therefor acquires all the rights, title and interest of the judgment debtor therein, whether legal or equitable, and nothing more. . . .": Page 282.

Parties with grievances similar to petitioners have applied for equitable relief, and only in unusual instances have the courts granted the same. Petitioners here, by requesting a rule, are seeking a remedy equitable in substance.

Although it does appear inequitable to permit the sale on execution of a piece of property which may not be an effective acquisition by a purchaser of legal title, this is the choice of the party who is seeking the execution. It is, of course, an annoyance and inconvenience to the persons whose property is being levied upon and casts a cloud on their title. Recognition has been given to the inherent problems. It was said in Mantz v. Kistler, 221 Pa. 142 (1908), where a party sought an injunction to prevent an execution against his property because he was mistakenly named defendant, his name being similar to that of the judgment debtor, that:

"The substantial fact on which this case turns is the identity of the complainant with the Francis Mantz who was a party defendant to the judgment sought to be enjoined. Presumably this is a question of fact for the decision of a jury. The practice in Pennsylvania is to allow a creditor to sell any title alleged to be in the debtor, and to try the validity of it afterwards in an action of ejectment by the purchaser: Taylor's Appeal, 93 Pa. 21. It is not the best system, being a make shift, in the absence of a court of chancery, for the administration of equitable principles under the forms furnished by the common law. . . . The remedy in equity as administered in some jurisdictions, notably our neighboring state of New Jersey, is very much superior. There the rights of parties are fought out and

adjusted in advance of a sale, so that every claimant or outside purchaser may bid at the sale with exact knowledge of what title will pass, and what disposition will be made of the proceeds. But the other practice has been long established here and is only departed from in very clear cases: Hunter's Appeal, 40 Pa. 194; Winch's Appeal, 61 Pa. 424; Kreamer v. Fleming, 200 Pa. 414": Page 144.

The Supreme Court, in Bell v. Mock, 413 Pa. 71 (1963), where there was an action for an injunction to restrain an execution because of a faulty description in the sheriff's published notice, stated that:

"Ordinarily, a complaint in equity will not lie to restrain an execution creditor from proceeding in due course to sell real estate alleged to belong to his debtor. If there is a dispute as to title or to the quantum of property sold, such matters may be determined in an action of ejectment. See Brackin v. Welton Engineering Co., 283 Pa. 91, 128 Atl. 818 (1925); Kreamer v. Fleming, 200 Pa. 414, 50 Atl. 233 (1901). As we held in the Brackin case at p. 98, Atl. at 820, 'The true principle is that equity has no jurisdiction unless the controlling facts are proved by matters of record, or by undisputed writings, or are admitted' ": Page 73.

Exceptions to the rule denying injunctive relief to third persons against execution sales of realty have been made where a proceeding was intended as an harassment, or a fraud existed or where title is undisputably in a person other than the execution debtor: Silverman v. Keal, 135 Pa. Superior Ct. 568 (1939); Kreamer v. Fleming, 200 Pa. 414 (1901); 7 Standard Pa. Prac. §506, page 701.

There can be no dispute with the various cases cited by petitioners but an analysis of the issues shows a difference from those in the present case. For example, in Commonwealth v. Lacy, 15 Dist. R. 199 (1906), an execution was set aside and stayed and judgment

opened, where the court found that a fraud was perpetrated against the party whose property was involved in the execution. In Lewis v. Linton, 207 Pa. 320 (1904), there was a petition to stay a writ of execution, where the language could conceivably be applied to the instant case, but an examination of the case reveals that there was an allegation made that the judgment had been paid and that there was lack of authority in plaintiffs to issue execution against petitioner, who was the judgment debtor. Although the action was captioned only as a petition to stay a writ of execution, it was actually a petition to open, and the stay of the writ was merely auxiliary.

Where situations existed comparable to that considered here, attempts to inquire into the title of property held by third persons in proceedings on petitions to stay or set aside executions have been refused: Simon v. Sorrentino, 145 Pa. Superior Ct. 364 (1941); Miller v. Sankowski, 37 Luz. 108 (1943).

The various possibilities of relief available to petitioners have been examined, and it may be concluded that in the absence of some irregularity in connection with the judgment, or some grounds which would give rise to a suit in equity, petitioners here are left to an action in ejectment or to a defense in such action.

It is unnecessary to discuss respondents' position that petitioners lack standing to seek relief. Although petitioners may be strangers to the record, they do have a vital interest in the property affected by the proceeding, and even if respondents are correct, petitioners, by compliance with the Pennsylvania Rules of Civil Procedure 2327 et seq., may have been allowed to intervene, if, under the circumstances of this case, relief was otherwise available: Lietka v. Hambersky, 167 Pa. Superior Ct. 304 (1950).

If respondents now choose to proceed with the sale

on execution, certain costs which had been incurred prior to the granting of this stay may be reincurred. The equities in this case would justify the placing of all the costs, including any additional costs entailed by reason of the petition and stay, on the proceeds of the sheriff's sale.

In accordance with this opinion, we enter the following

### ORDER

And now, to wit, January 28, 1966, the rule issued to show cause why the judgment should not be declared invalid against the property of petitioners is discharged, and the stay of execution is terminated. The Sheriff of Dauphin County is directed in any further proceeding on the writ filed in Dauphin County indexed to June term, 1965, no. 208, to place any additional costs incurred by reason of the petition and stay on the proceeds of the sheriff's sale.