# Kemmler, Executrix, Appellant, v. McGovern, et ux.

*Equity—Equity jurisdiction—Fraudulent conveyances—Bill to set aside—Adequate remedy at law—Ejectment.*

1. Courts of equity and courts of law have concurrent jurisdiction when property has been fraudulently conveyed or encumbered in order to defeat the claims of creditors, but jurisdiction in equity will not be entertained where the remedy at law is full, complete and adequate. The common law right to trial by jury will not be taken away where it is adequate to furnish full redress.

2. A bill in equity to set aside a conveyance alleged to have been fraudulently made to defeat the claims of creditors, filed by a creditor who had obtained a verdict against the defendant debtor on which judgment had not been entered, will be dismissed on demurrer. The proper manner to test the validity of such a transaction is by a sheriff's sale, purchase of the land and an action in ejectment.

Argued Oct. 25, 1912. Appeal, No. 135, Oct. T., 1912, by plaintiff, from decree of C. P. No. 3, Allegheny County, Nov. T., 1911, No. 598, sustaining demurrer to bill in equity in case of Anna M. Kemmler, Executrix of William Kemmler, Jr., deceased, v. Thomas McGovern and Mary S. McGovern, his wife. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to set aside a conveyance.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court sustaining demurrer to bill.

*E. B. Strassburger*, with him *W. H. Lemon* and *H. V. Blaxter*, for appellant.—The court had jurisdiction: Orr v. Peters, 197 Pa. 606; Houseman v. Grossman, 177 Pa. 453; People's Nat. Bank v. Loeffert, 184 Pa. 164.

*Berne H. Evans,* of *Evans, Noble & Evans,* for appellees.—There was an adequate remedy at law: Artman v. Giles, 155 Pa. 409; Kelly v. Herb, 157 Pa. 41; Hyde v. Baker, 212 Pa. 224.

OPINION BY MR. CHIEF JUSTICE FELL, January 6, 1913:

The bill in this case was filed by a creditor who had obtained a verdict against one of the defendants on which judgment had not been entered. He alleged that this defendant had conveyed his real estate to the other defendant, his wife, for the purpose of hindering and defrauding his creditors and prayed for an injunction to restrain her from encumbering or conveying the land and for a decree declaring the conveyance to her void. A demurrer was sustained and the bill dismissed on the ground that the plaintiff had an adequate remedy at law.

Courts of equity and courts of law have concurrent jurisdiction when property has been fraudulently conveyed or encumbered in order to defeat the claims of creditors but jurisdiction in equity will not be entertained where the remedy at law is full, complete and adequate. In this State the long established method for avoiding a fraudulent conveyance of land is by a sheriff's sale, purchase of the land and an action of ejectment. In the opinion in Stewart v. Coder, 11 Pa. 90, it was said: "Where a sale is made to delay, hinder or defraud creditors the proper manner to test the validity of the transaction is by a judicial sale at the suit of one or more of the creditors." From this there has been no departure and there should be none because the common law right of trial by jury should not be taken away where it is adequate to afford full redress. In the recent cases of People's Nat. Bank v. Kern, 193 Pa. 59, and Hyde v. Baker, 212 Pa. 224, the established method of proceeding was approved and in the opinion it was said that Fowler's Appeal, 87 Pa. 449; Houseman v. Grossman, 177 Pa. 453; People's Nat. Bank v. Loeffert, 184

Pa. 164, and Orr v. Peters, 197 Pa. 606, were cases in which, under their peculiar facts, the remedy at law would have been ineffectual and that they do not affect the established rule.

The decree is affirmed at the cost of the appellant.