## Philadelphia Life Insurance Company v. Williams.

*Equity—Jurisdiction—Remedy at law—Suit to cancel life insurance policy —Fraud.*

1. A life insurance company cannot maintain a bill in equity to secure the cancellation and surrender of a life policy after the death of the insured on the ground of fraudulent representations made by the insured and the beneficiary, inasmuch as there is an adequate remedy at law.

*Equity—Equity practice—Written instrument to be attached to bill.*

2. Where a written instrument is referred to in a bill in equity, it should be contained in or attached to the bill.

Demurrer to bill in equity. C. P. Schuylkill Co., Nov. T., 1922, No. 1.

J. A. Mahoney, for plaintiff.

A. D. Knittle and Henry Houck, for defendant.

BECHTEL, P. J., Dec. 18, 1922.—The bill of complaint in this case sets forth, *inter alia*, "that on or before Sept. 13, 1921, an application was made for one Josiah Stauffer for a policy of insurance on his life in the sum of $5000, with

2 D. & C.

Philadelphia Life Insurance Company *v.* Williams.

Florence E. Williams as beneficiary. That the insured represented that he was of good health and not afflicted with any of the diseases named in the medical examination; that he did not drink wines, spirits or malt liquors, and that he had never been examined or rejected by any company for a policy which was not issued as applied for, and that he had not consulted a physician. That a policy was issued on Sept. 21, 1921. That the representations made by Josiah Stauffer which form the basis of the contract were false and fraudulently and maliciously made. It is also charged that Josiah Stauffer, Florence E. Williams and J. J. Close, the agent of the company, acted in collusion to defraud the plaintiff company, as they knew that said representations were false. Josiah Stauffer died on May 18, 1922. That on June 27, 1922, the plaintiff gave notice to Florence E. Williams of its rescission of said contract and tendered all premiums paid on account of the same and demanded surrender of the policy, which demand was refused. That on Sept. 21, 1922, the said policy becomes incontestable. The bill prays that the defendant make full discovery and that the said policy be declared null and void, and that Florence E. Williams be directed to surrender the same for cancellation."

To this bill a demurrer has been filed, setting forth that the plaintiff. is not entitled to the relief claimed upon the face of the bill, and that the plaintiff has a full and adequate remedy at law.

We will consider the last of these questions, as we think it decisive of the case. The general rule governing cases of this sort is as follows:

"Equity will not take jurisdiction if there is available a single remedy at law sufficient for plaintiff's protection, or several remedies which are together sufficient:" 16 Cyc., 45.

"Equity will not oust the law jurisdiction or interfere with the legal remedies where there is a full defence at law and no obstacle in the way of making it:" 3 Joyce on Insurance, § 1680.

"We do not dispute the general principle relied upon by the appellee that where fraud is alleged, equity has concurrent jurisdiction with law. In our State, however, the settled rule has never been departed from that equity jurisdiction will not attach where there is a full, complete and adequate remedy at law:" Hyde *v.* Baker, 212 Pa. 224.

This case seems to be on all fours with the case of the Philadelphia Life Ins. Co. *v.* Paul J. Adams et al., No. 1931, April Term, 1914, in Allegheny County, where, in a long and well-considered opinion, it was held that the demurrer must be sustained on the ground that there was a complete, adequate and convenient remedy at law for all wrongs for which the complainant prays relief. There is no averment in the bill that cannot be set up and fully determined in a trial at law. There is no right of the plaintiff which will be injured by having the case tried at law. We have been informed by counsel, on the argument, that there is a provision in this policy requiring suit to be brought within one year. This time has more than half elapsed, and there will, therefore, be no delay which might injure plaintiff's rights. We are not familiar with the entire policy, for the reason that, while the plaintiff's bill refers to it and apparently attempts to quote certain of its provisions, it does not contain a copy of the policy in full, nor is there any copy thereof attached to the bill. We think that the proper practice and the "Rules of Court" require that where a written instrument is referred to, it should be contained in or attached to and made part of the plaintiff's bill of complaint.

For the reasons herein given, we are of opinion that the plaintiff has a full, adequate and complete remedy at law. This being so, it is clear that equity

will not intervene. To do so would be to substitute the judgment of the court for the judgment of the jury, which we feel is not looked upon with favor under the decisions of this State.

And now, Dec. 18, 1922, the demurrer is hereby sustained and the bill dismissed.

From M. M. Burke, Shenandoah, Pa.