## Sauber, Appellant, *v.* Nouskajian et ux.

*Equity—Equity practice—Record—Evidence—Appeals.*

1. In the absence of a proper record, the appellate court will accept the statement of facts made by the court below; but where a bill is dismissed there should be a formal record to show warrant for the court's action.

*Equity—Equity Rules 48, 49 and 66—Dismissal of bill—Res judicata—Nonsuit—Evidence—Record of prior bill.*

2. Where a bill in equity is dismissed without hearing evidence for defendant, under the power conferred upon the trial court by Equity Rule 66, and no exceptions are taken, the action of the court below has the effect only of a nonsuit at common law, and

it does not make the issue in any sense res judicata or prevent the filing of another bill.

3. If, under such circumstances, a second bill is filed, it is error to dismiss it, without requiring proof or tender of proof to show that the doctrine of res judicata applied, including the record of the first bill, so as to establish the fact and scope of the former adjudication.

4. The fact that the record happened to be in the same court does not alter the rule in this respect.

5. If an answer to the second bill is intended as in the nature of a demurrer under equity Rules 48 and 49, the bill cannot be dismissed except in accordance with Rule 49.

*Fraudulent conveyance—Real estate—Remedy at law—Remedy in equity—Election as to remedies—Act of May 21, 1921, P. L. 1045.*

6. Prior to the Act of May 21, 1921, P. L. 1045, the exclusive way to test the question of whether real property has been conveyed in fraud of creditors, was for one, claiming to be a creditor, to obtain a judgment and issue execution against the premises in question as the property of his debtor, this to be followed by an ejectment at the suit of the purchaser at sheriff's sale.

7. The Act of 1921 gave an additional remedy in equity by which the creditor might have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim.

8. It seems that since the Act of 1921, an adverse party may compel an election on the part of the creditor as to which remedy he will pursue; but, in the absence of a proceeding to compel an election, the creditor may proceed either at law or in equity.

9. Not decided whether one court of common pleas may enjoin the process of another court of common pleas in the same county.

Argued April 22, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 196, Jan. T., 1926, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1925, No. 7941, dismissing bill in equity, in case of Charles Sauber v. Karekin A. Nouskajian et ux.   Reversed.

Bill for reconveyance of real estate.   Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed.   Plaintiff appealed.

*Error assigned* was, inter alia, dismissal of bill, quoting record.

*M. A. Granatoor,* of *Granatoor & Swotes,* for appellant.—The decision is not in accordance with law or res judicata: Steel v. Levy, 282 Pa. 338; Rhodes v. Terheyden, 272 Pa. 397; Hartman v. Inclined Plàne Co., 23 Pa. Superior Ct. 360; Singer v. Pilton, 282 Pa. 243.

The decision is contrary to Equity Rule 66.

Nonsuit is no bar to a second action: Moreland Twp. v. Gordner, 109 Pa. 116; Detrick v. Sharrar, 95 Pa. 521; Vought v. Sober, 73 Pa. 49; Haws v. Tiernan, 53 Pa. 192; Gardner v. R. R., 150 U. S. 349; Bournonville v. Goodall, 10 Pa. 133.

Dismissal of a bill without prejudice is no bar to a second action: New York, etc., Land Co. v. Weidner, 169 Pa. 359.

*Joseph L. McAleer,* for appellee.—On the question as to the record of the former suit not having been set up in the pleadings, this court has held that it will not reverse where no harm has resulted from apparent error of the court in treating the prior record as it had: Kleck v. Gernert, 220 Pa. 503, 506.

The matter was res judicata: State Hospital v. Water Supply Co., 267 Pa. 29; Loyal Orange Institution v. Morrison, 269 Pa. 564.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 26, 1926:

Plaintiff filed a bill in equity, averring that he was a creditor of one of two defendants: that this defendant had conveyed, through a strawman, real estate possessed by him to the other defendant, his wife, for the purpose of defrauding his creditors. The bill prayed that the wife be decreed to hold the property in trust for plaintiff to the extent of his claim, that a trustee be ap-

pointed, and that defendants be restrained from encumbering or disposing of the premises.

When the case came to hearing on pleadings and proof, the court below, at the end of plaintiff's testimony, dismissed the bill for want of required evidence, in accordance with Equity Rule 66. No exceptions were taken to this action, but plaintiff subsequently filed another bill in the same court, with averments like those in the first bill and praying that the deed from husband to wife be set aside, defendants restrained from disposing of the property in question, and decreed to hold the income therefrom in trust for the benefit of plaintiff until the suit should be determined.

Mrs. Nouskajian, referred to above as the "wife," answered this second bill, saying that it raised "the same questions of fact and law [as contained in the former bill, and therefore] the whole controversy [was] res adjudicata."

The record contains no stenographic report of what occurred when the second bill came before the court below, but two opinions filed by that tribunal indicate, first, that the only evidence offered was to contradict testimony given at the hearing on the original bill, and, next, that the testimony offered was "identical with that given at the former trial, with the exception of a witness called at that trial who desired to change his testimony as to values." These two statements may appear inconsistent, and both of them are at variance with the statement of counsel for appellant as to the tenders of proof; but whatever the facts may be in this regard, the court plainly said, in disposing of the second bill, that it was dismissed because "it contains no new facts and no new issue," and because "the matter having been [previously] disposed of by the court [was] res judicata." This state of affairs shows the necessity for making a proper official record of all court proceedings. Our jurisprudence contemplates both trial and review; the latter requires a record, the making of which has

been rendered comparatively easy in Pennsylvania by our court-stenographer legislation, and this should be taken advantage of in cases such as the one now before us. In the absence of a proper record, we, of course, accept the statement of facts made by the court below; but where a bill is dismissed there should be a formal record to show warrant for the court's action. Here neither testimony nor offer of testimony, on the second bill, are shown, and it is quite impossible to know whether the controlling rules have been complied with.

Equity Rule 66 provides: "If the judge.......upon the close of plaintiff's evidence shall be of opinion that the case made in the bill has not been sustained, he shall have power, without hearing evidence on behalf of defendant, to enter a decree of dismissal which shall have the effect of a nonsuit at law. If exceptions are filed to it, however, and the court......refuses to change it, it shall become a final decree for all purposes, and subject to appeal as such exactly as if it had been entered after a hearing of both parties."

Since the original bill was dismissed under circumstances such as stated in the first sentence of the above rule, and no exceptions were filed to the decree of dismissal, the action of the court below had the effect only of a nonsuit at common law; hence it did not make the issues in any sense res judicata or prevent the filing of another bill (Cleary v. Quaker City Cab Co., 285 Pa. 241, 249), and it was error to dismiss the second bill on the ground of res judicata. More than this, the court also erred in treating the case as though defendant had proved all facts necessary to show that the issues involved had already been adjudicated. If the court was convinced from informal offers of proof that the doctrine of res judicata applied, it should have asked for formal tenders of evidence, including the record of the first bill, so as to establish the fact and scope of the prior adjudication; the fact that the record happened to be in the same court would not alter the rule in this respect:

Steel v. Levy, 282 Pa. 338, 341, 342. Finally, if the answer was intended as in the nature of a demurrer under Equity Rules 48 and 49, the bill could not be dismissed except in accordance with Rule 49, which was not followed in this case: Gray v. Phila. & Reading C. & I. Co., 286 Pa. 11. These mistakes of law and departures from correct practice require a reversal; but there is another matter, not yet touched on, which calls for discussion.

We have repeatedly held that the established way to test the question of whether real property has been conveyed in fraud of creditors is for one claiming to be a creditor to obtain a judgment and issue execution against the premises in question as the property of his debtor, this to be followed by an ejectment at the suit of the purchaser at sheriff's sale: Hyde v. Baker, 212 Pa. 224, 226; Mantz v. Kistler, 221 Pa. 142, 144; Kemmler v. McGovern, 238 Pa. 460, 461; Handel, etc., B. & L. Assn. v. Elleford, 258 Pa. 143, 147; Am. Trust Co. v. Kaufman, 276 Pa. 35, 40; Brackin v. Welton Engineering Co., 283 Pa. 91.

It appears that, shortly after plaintiff filed his second bill in the court below, defendant Dziadzan A. Nouskajian petitioned that tribunal, reciting the dismissal of the first bill, because of a lack of proof that the other defendant was insolvent when he conveyed the property to her, the petitioner; reciting, further, that plaintiff had obtained a judgment against the first-named defendant in another court of common pleas, that execution had been entered on this judgment and the real estate involved was about to be sold thereunder, and praying that plaintiff be restrained from so proceeding. On this petition, an order was entered restraining plaintiff from proceeding with the sheriff's sale, and this is assigned as error. The method which plaintiff sought to pursue, of obtaining a judgment against his debtor and then taking in execution the property alleged to have been fraudulently conveyed by the latter, was the usual, and, prior to the passage of the Uniform Fraudulent Conveyance

Act, 1921, P. L. 1045, the exclusive method of procedure in Pennsylvania (Hyde v. Baker, 212 Pa. 224, 226; Kemmler v. McGovern, 238 Pa. 460, 461); therefore, plaintiff was entitled to follow it: see authorities cited supra.

Before the Act of 1921, it was held that the power of equity to restrain an execution creditor from proceeding in due course to sell real estate alleged to belong to his debtor was limited to rare cases where "the hardship or inadequacy of the common law procedure [was] manifest": Kreamer v. Fleming, 200 Pa. 414, 417. In another case (Artman v. Giles, 155 Pa. 409, 416), we said: "If there be any doubt or dispute on the facts, the creditor is entitled to levy and sell, and proceed by ejectment on the sheriff's deed," and equity will not interfere: see also authorities reviewed in Brackin v. Welton Engineering Co., 283 Pa. 91. Section 9 of the Act of 1921 now provides that, "Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser: (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or (b) disregard the conveyance, and attach or levy execution upon the property conveyed."

This statute gives an additional remedy to the creditor, but none to the alleged owner. In other words, it gives the creditor his choice between a procedure in equity and the old common law remedy; and, perhaps, an adverse party could compel an election on the part of the creditor as to which remedy he would pursue. Here, for instance, the defendant in the equity suit who holds title to the real estate in controversy, after properly showing that plaintiff was pursuing his common law remedy in another court, might have asked the court below to make plaintiff elect between that remedy and

his bill in equity, and had the election been in favor of the remedy at law, it would have been proper to dismiss the bill on that ground. Again, the defendant in the common law suit might have petitioned the court in which that action was pending for a stay of execution on the ground that plaintiff had instituted and was pursuing a proceeding in equity against him in the court below to accomplish the same result that he sought by the execution in the common law suit, and this would have put plaintiff to his election between the two remedies. Neither of these courses was pursued, however, and there is nothing upon the present record to warrant the restraint of execution granted by the court below. The mere fact that plaintiff had proceeded in equity as authorized by the Act of 1921 would not affect his legal right to sell real estate alleged to belong to his creditor, which right is also recognized by that act; particularly is this so when we remember that his first equity suit had not reached any definitive conclusion and his second had not come to a hearing at the time of the order staying the sheriff's sale.

In addition to what has already been mentioned, appellant claims that the action of the court below in undertaking, in effect, to restrain the process of another court of common pleas was contrary both to general rules of law (for discussion of this general subject see Kane &. Elk R. R. v. R. R., 241 Pa. 608, 614, and cases there cited) and to a rule of the Courts of Common Pleas of Philadelphia County, which latter provides for transferring cases from one court to another, in order to avoid mutual interference with the exercise of common jurisdiction and to prevent other such inconveniences. It is not necessary to determine either of these points, however, because both the final decree dismissing the bill and the order staying the sheriff's sale must be reversed for reasons already indicated; but, of course, if defendant elects to pursue his adequate remedy at law, that will be an abandonment of his bill.

The order enjoining the sheriff's sale and the decree dismissing the bill are both reversed at cost of appellee.