## Kerchenthal v. Kerchenthal.

*Dillinger & Schneller*, for complainant; *Smith & Paff*, for defendant.

RENO, P. J., Feb. 25, 1929.—Plaintiff alleges that he and his wife, defendant, own a certificate for thirty shares of the stock of a corporation. The stock is issued in both names. He alleges also that he and his wife are living separately, and prays for a decree requiring defendant to endorse the certificate so that the corporation can issue new certificates of fifteen shares each in the respective names of the parties. In short, he is asking that equity decree a partition of personal property.

Defendant filed preliminary objections to the bill, alleging that the plaintiff has not presented a cause of action which requires defendant to answer. She contends that the stock is held by her husband and herself as tenants by the entireties, and that there is no authority in law for the partition of such an estate held by undivorced parties.

To this, plaintiff answers that a preliminary objection is not the .proper manner of raising the question. But it is. Demurrers in equity are abolished by Rule 15, but Rule 48 provides that defendant may "preliminarily object to the bill for one or more of the following reasons: . . . (7) that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defense to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it." This, we think, permits defendant to raise preliminarily the question whether plaintiff has averred a cause cognizable in equity. Gray v. Phila. & Reading Coal and Iron Co., 286 Pa. 11, and Sauber v. Nouskajian, 286 Pa. 449, although not deciding the precise question here raised, indicate that a preliminary objec-

tion under Rule 48 may be employed to perform the functions of a common law demurrer.

Clearly, plaintiff and defendant hold the certificate as tenants by the entireties. That estate arises whenever property vests in two persons who are at the time of vesting husband and wife (Rhodes's Estate, 277 Pa. 450; Sloan's Estate, 254 Pa. 346; Klenke's Estate, 210 Pa. 572; Bramberry's Appeal, 156 Pa. 628, 632), and it includes personal as well as real property: Sloan's Estate, supra; Gillan's Exec'rs v. Dixon, 65 Pa. 395; Ballantine's Estate, 188 Pa. 33. And, there being no legislation which confers upon the courts, law or equity, power to partition or divide an estate by the entireties held by undivorced persons, the bill presents a matter in which we can grant no relief: Biehl v. Martin, 236 Pa. 519.

Now, Feb. 25, 1929, the preliminary objection is sustained, with leave to amend as provided by Rule 49 within ten days.

From Edwin L. Kohler, Allentown, Pa.