## Conemaugh Iron Works Co. *v.* Delano Coal Co., Appellant.

Argued October 8, 1929.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

184

*Robert M. Fisher,* with him *W. M. Ruddock,* for appellant.—Appellant is entitled to proceed by execution to determine the question whether or not appellee as grantee of judgment debtor holds the property fraudulently as to the judgment.

Appellant does not lose the right to appeal on the question of equity's jurisdiction to enjoin this execution by going to the merits after preliminary objections have been denied with direction to answer over on penalty of decree pro confesso being taken: Kemmler v. McGovern, 238 Pa. 460; Heller v. Fishman, 278 Pa. 328; Brackin v. Engineering Co., 283 Pa. 91; Miller Paper Co. v. Coal Co., 275 Pa. 40; American Trust Co. v. Kaufman, 279 Pa. 230; Wettengel v. Robinson, 288 Pa. 362.

Equity may not take jurisdiction at the instance of the grantee to restrain the execution when the grantee has mortgaged the property levied upon even though the mortgage has been placed of record fourteen months prior to the execution and ten months after entry of the judgment.

The transfer of the property from the Blairsville Iron Works Company to the Conemaugh Iron Works Company was fraudulent in law as to appellant: Delphia Knitting Mills Co. v. Richards, 62 Pa. Superior Ct. 9; Montgomery Web Co. v. Dienelt, 133 Pa. 585; Penna. Knitting Mills v. Bibb Mfg. Co., 12 Pa. Superior Ct. 346.

*Charles Alvin Jones,* with him *Ernest Stewart, Robert F. Barnett* and *Sterrett & Acheson,* for appellee.—The court's equitable jurisdiction rightly attached in this matter: Taylor's App., 93 Pa. 21; Winch's App., 61 Pa,

424; Davis v. Michener, 106 Pa. 395; Kreamer v. Fleming, 200 Pa. 414; Brackin v. Engineering Co., 283 Pa. 91; Sauber v. Nouskajian, 286 Pa. 449; Lancaster v. Dolan, 1 Rawle 231; Lyon v. Roberts, 1 W. N. C. 148; Boyer v. Weimer, 204 Pa. 295; Hood v. Fahnestock, 8 Watts 489; Oakley v. Macrum, 8 Sadler 523; Mateer v. Hissim, 3 P. & W. 160; Bigley v. Jones, 114 Pa. 510.

The ejectment brought by the purchaser of the interest sold on Delano's execution would be a legal, as distinguished from an equitable, ejectment, and, being such, a conditional verdict could not be returned therein: Buckwalter Stove Co. v. Edmonds, 283 Pa. 236.

Blairsville Iron Works Company's sale of its property was not a fraud in law: Montgomery Web Co. v. Dienelt, 133 Pa. 585; Delphia Knitting Mills Co. v. Richards, 62 Pa. Superior Ct. 9; Atlas Portland Cement Co. v. Am. B. & C. Co., 280 Pa. 449; North Pacific Ry. v. Boyd, 228 U. S. 482.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 25, 1929:

The Conemaugh Iron Works Co. filed a bill in equity to enjoin the Delano Coal Co. from proceeding with the execution of a judgment against property to which plaintiff averred it held title. After hearing, the chancellor enjoined further proceedings on the execution; this was approved by the court below and defendant has appealed.

The judgment here involved was recovered against the Blairsville Iron Works Co., a prior owner of the property in question, and the purpose of the execution and contemplated sale was to test the alleged title of the present plaintiff by a subsequent action of ejectment, the allegation of the Delano Company, present defendant, being that the property had been conveyed to the Conemaugh Company, present plaintiff, in fraud of defendant's rights as a creditor of the Blairsville Company.

A bill such as the one now before us stands on very narrow ground; "the true principle is that equity has no jurisdiction [to restrain one from pursuing an established legal procedure such as originally instituted by the present defendant] unless the controlling facts [on the merits] are proved by matters of record, or by undisputed writings, or are admitted" (Brackin v. Welton Engineering Co., 283 Pa. 91, 98), or, in rare instances, where the hardship or inadequacy of the common law procedure is manifest: Sauber v. Nouskajian, 286 Pa. 449, 455. The situation in the instant case does not bring it within these limits.

"The established way to test the question of whether real property has been conveyed in fraud of creditors is for one claiming to be a creditor to obtain a judgment and issue execution against the premises in question as the property of his debtor, this to be followed by an ejectment at the suit of the purchaser at sheriff's sale": Artman v. Giles, 155 Pa. 409, 416; Sauber v. Nouskajian, 286 Pa. 449, 454; American Trust Co. v. Kaufman, 276 Pa. 35. Prior to the passage of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, the method just described was the exclusive procedure. That statute gives an additional optional remedy, by bill, to set aside the conveyance to the extent necessary to satisfy the creditor's claim (Sauber v. Nouskajian, supra, 454, 455), but it does not deprive a creditor of the right, as formerly, to work out his remedy at law.

Appellant, at the outset of the proceeding in the court below, raised the question of lack of jurisdiction in equity; the protest was overruled and defendant was directed to answer over under penalty of having the bill against it taken pro confesso. To this, defendant duly excepted, and now assigns the ruling as error. Subject to all rights reserved by its exception, defendant filed an answer. The case went to a hearing, in the course of which appellant offered no evidence, but requested a finding that the property had been conveyed by the

Blairsville Company in fraud of its, the defendant's, rights as a creditor. The court below determined that this request for a finding amounted to an election by appellant to avail itself of the alternative equitable remedy, provided by the Act of 1921, and precluded it from further proceeding at law. Then it decided that there was no fraud in the transfer; and, finally, it enjoined defendant from pursuing its prior legal action.

When appellant's objection to the jurisdiction was overruled, it was not entitled to an immediate appeal: Miller Paper Co. v. Keystone Coal & Coke Co., 275 Pa. 40, 44; American Trust Co. v. Kaufman, 279 Pa. 230, 232; Wettengel v. Robinson, 288 Pa. 362, 367. Under the Act of March 5, 1925, P. L. 23, which gives the right of appeal from preliminary adjudications, no appeal is allowed from the decision of questions of jurisdiction which go to the form of the action alone as between law and equity: Rutherford Water Co. v. Harrisburg, 297 Pa. 33. It might well be, in such a proceeding as this, that defendant, the court having determined to take jurisdiction in equity and enjoin the action at law, would feel compelled to meet the issue raised by plaintiff, that there was no fraud in the transaction, for fear, if it did not, the question would be foreclosed, in the event that, on appeal under defendant's exception, the point of jurisdiction should be decided against it.

We conclude that the court below lacked jurisdiction on the bill as filed and on the proofs as submitted, and, further, that nothing which appellant did by pleading or at trial made it an affirmative actor, thereby conferring jurisdiction. Defendant had elected to proceed at law, as was its right, and the request for a finding in its favor on the issue of fraud did not, under the circumstances, amount to an election to pursue the alternative remedy provided by the Fraudulent Conveyance Act of 1921.

As the proceedings at law will continue, one other matter arising on the record requires comment. The

Conemaugh Company, after it acquired title, executed a mortgage for $300,000 to the Blairsville Savings & Trust Co. (not a party in the present case), as trustee for bond-holders. It does not appear that the bona fides of this transaction are questioned in any way. We think that, if there is a fear of this mortgage being discharged by the proposed sheriff's sale, the status of the mortgage and the rights of the mortgagee can be determined in proceedings under the Declaratory Judgments Act, with all parties in interest on the record; such rights, when adjudicated, to be worked out as suggested in Brackin v. Welton Engineering Co., 283 Pa. 91, 99.

We express no opinion on the main question, as to whether the conveyance from the Blairsville Company was in fraud of appellant's rights; that will be determined on the trial of the ejectment.

The decree of the court below is reversed and plaintiff's bill is dismissed at its cost.