## Jordan v. Lewis et al.

*Dallas Dillinger,* for plaintiff; *Groman & Rapaport,* for defendants.

RENO, P. J., September 11, 1933. — Whatever may have been the state of the law before the enactment of the Uniform Fraudulent Conveyance Act of

May 21, 1921, P. L. 1045, it is reasonably certain now that a creditor may move to set aside his debtor's fraudulent conveyance by an equitable proceeding without first reducing his claim to judgment. The point has not been expressly decided in Pennsylvania, but there are several cases where, without discussion, the appellate courts have allowed the remedy to a non-judgment creditor: e. g., Conemaugh Iron Works Co. v. Delano Coal Co., 298 Pa. 182; Peoples Savings & Dime Bank & Trust Co. v. Scott et al., 303 Pa. 294; Hart, Schaffner & Marx v. Koch, 107 Pa. Superior Ct. 528. Indeed, the definition of the word "creditor", as contained in the act as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent", seems to leave no ground for dispute. If any doubt persists, it will be readily dissipated by reading Chief Judge Cardozo's opinion in American Surety Co. of N. Y. v. Conner, 251 N. Y. 1, 166 N. E. 783. For this reason, the preliminary objections must be dismissed.

It is probably true, as defendant contends, that plaintiff will be obliged to elect whether to pursue his common-law or his equitable remedy: cf. Sauber v. Nouskajian et ux., 286 Pa. 449. But he cannot be put to an election by preliminary objections.

Now, September 11, 1933, the defendants' preliminary objections are overruled and dismissed and defendants will file an answer to the bill within 15 days after service of this order.     From Edwin L. Kohler, Allentown, Pa.