## Simon, Appellant, *v.* Sorrentino.

Argued March 11, 1941.

Before KELLER, P. J., CUNNINGHAM, STADT-
FELD, RHODES and HIRT, JJ.

*E. Spencer Miller,* for appellant.

*Nathan Agran,* with him *Arthur Cortese,* for appellee.

OPINION BY HIRT, J., June 30, 1941:

The municipal court concluded from the record that title to the land levied upon was in defendants by entireties and on that ground stayed an execution issued by plaintiff on a judgment against the husband alone. The appeal is from that order.

On April 28, 1939 plaintiff brought suit against

Michael Sorrentino for rentals for the period 1932 to 1939 on an oral lease of vacant land used by him for storage of materials in his business as a builder. On April 17, 1940 he admitted liability for rent of the leased premises to the extent of $1,000 and by agreement judgment was entered against him for that amount in the action. The land levied upon had been owned by defendants by entireties in 1924, when to establish the husband's "business credit and to enable him to secure performance bonds in his business of builder" it was conveyed to the husband alone. This purpose having been served, defendant husband in 1929 conveyed the land back to his wife but in 1931, again to bolster the husband's credit, the land was reconveyed to Michael Sorrentino and title was in him alone when he entered into the lease with plaintiff and throughout its entire term. While plaintiff's action for rent was at issue pending trial, but before the entry of judgment, defendants conveyed the land in question to their son, who, after placing a mortgage for $4,000 upon it in favor of a third party, reconveyed it to both defendants as tenants by entireties and this was the state of the record title when plaintiff issued her execution and levied on the land.

Alleging the above facts and averring that the conveyance to them by entireties was not made for the purpose of defrauding creditors, defendants petitioned for a stay of execution. Plaintiff did not file an answer to the petition and for that reason the court, considering itself bound by defendants' undenied averments, stayed the execution as to the land in question. In thus depriving plaintiff of rights expressly given her by statute, we think there was error.

Section 4 of the Uniform Fraudulent Conveyances Act of 1921, P. L. 1045, 39 PS §354 provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual

intent, if the conveyance is made or the obligation is incurred without a fair consideration." Under this provision, where a conveyance of an insolvent husband to his wife for a nominal consideration has the effect of depriving the husband's creditor of an asset answerable for the debt, the question of intent is of no moment for the transaction is fraudulent on its face and no other evidence is necessary to show a fraudulent intent. *Raub Supply Co. v. Brandt*, 323 Pa. 119, 186 A. 751. And even where the issue is actual intent, as distinguished from intent presumed by law, (§7 of the act) in a conveyance from husband to wife or to them by entireties, actual fraudulent intent appears prima facie from a conveyance for a nominal consideration. And the burden is then cast upon the wife grantee "to show by clear and satisfactory proof that the conveyance was fair and that the husband's ...... liabilities were not out of proportion to his then remaining assets ...... If a husband is solvent when he makes the transfer to his wife, aside from the property transferred, it is valid regardless of consideration": *Q.-F. B. & L. Assn. v. Burstein et al.*, 310 Pa. 219, 165 A. 13; *Schline v. Kine*, 301 Pa. 586, 152 A. 845. But, though tenancy by entireties is a venerable institution of the common law, *(C. I. T. Corporation v. Flint*, 333 Pa. 350, 5 A. 2d 126) it loses all of the attributes of a sanctuary against the claims of creditors when created for the purpose during insolvency.

Section 9 of the act, 39 PS §359, supplies the following procedure available to a creditor: "Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who had derived title immediately or mediately from such a purchaser; (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or (b) Disregard the conveyance,

and attach or levy execution upon the property conveyed." Plaintiff's claim had matured though not reduced to judgment at the time of the transfer. She had standing to invoke the benefits of the act and under §9 of the statute had a choice of remedies, either in equity, or by sheriff's sale followed by an action in ejectment. *Penna. Trust Co. v. Schenecker et al.*, 289 Pa. 277, 137 A. 272; *Sauber v. Nouskajian*, 286 Pa. 449, 133 A. 642. She chose the latter. "That statute gives an additional optional remedy, by bill, to set aside the conveyance to the extent necessary to satisfy the creditor's claim but it does not deprive a creditor of the right, as formerly, to work out his remedy at law": *Conemaugh I. W. Co. v. Delano C. Co.*, 298 Pa. 182, 148 A. 94.

The ultimate issues in this case will be questions of fact for a jury. Regardless of the right specifically given a creditor under the above section of the act, " 'As a general rule, it has been the practice in this State, for a judgment creditor to seize and sell in satisfaction of his debt any real estate in which his debtor has or is believed to have an interest. Whenever such interest is alleged, the creditor is permitted to proceed with his execution; and if there be any question in regard to title, it may be raised and determined afterwards in an action of ejectment. The reason why the creditor's execution will not be enjoined in such cases is that, to do so would in effect withdraw, from the consideration of a jury, facts which properly should be decided by them' ": *Brackin et al. v. Welton Eng. Co.*, 283 Pa. 91, 128 A. 818; *Taylor's App.*, 93 Pa. 21.

It seems clear therefore that plaintiff did not forfeit her statutory rights by a mere failure to answer defendants' petition. The holding in *Lewis v. Linton*, 207 Pa. 320, 56 A. 874 is readily distinguishable, for there the claim set up was payment of the debt for which execution had been issued. Nor does *Hunter's Appeal*, 40 Pa. 194, relied upon by appellees, sustain the conclusion of the court below. As pointed out in *Brackin*

*et al. v. Welton Eng. Co.*, supra, *Hunter's Appeal* must be considered in the light of the nature of the facts alleged, which required a denial by answer.

It is unnecessary to discuss the remaining question whether the execution against the real estate was improper because plaintiff did not first levy upon the personal property of the judgment debtor. The wife, the intervening defendant, questioned the execution on this ground but the husband, the original defendant, did not. Hence, if there was an irregularity it was waived. Advantage of an irregularity in an execution may be taken as a general rule only by the judgment debtor and may not be questioned by a stranger to the writ. 21 Am. Jur., Executions, §518; *Lowber and Wilmer's Appeal—Wilson, Jones & Co.'s Appeal*, 8 W. & S. 387; *Sherrard v. Johnston*, 193 Pa. 166, 44 A. 252.

Order reversed with a procedendo, lien of levy to remain.