## Venne et ux. v. Kleiman et ux.

*Maurice J. Friedman*, for plaintiffs.
*Maurice M. Green*, for defendants.

MACNEILLE, P. J., February 15, 1951.—This is a bill in equity by judgment creditors of husband defendant to impress the lien of their judgment upon certain real estate, title to which was taken by the judgment debtor's wife when her husband was admittedly insolvent. Plaintiffs also seek to set aside the deed to the realty, in the name of the wife, as being in fraud of the debtor-husband's creditors. It is not contended that grantors, not related to the parties, participated in a fraudulent transaction; it is alleged that wife defendant, in procuring the property in dispute, used assets belonging to and concealed by her husband.

In plaintiffs' bill of complaint they pray, inter alia, for relief as follows:

"(c) That the defendants and each of them be restrained temporarily until hearing and perpetually thereafter from disposing of the said premises.

"(d) That your Honorable Court decree the said defendant, Rose P. Kleiman, as a trustee for the defendant, William Kleiman, and to impose upon the premises described herein, the judgment of the plaintiffs against the said defendant, William Kleiman together with interest and costs, as a lien thereon."

We are of the opinion that we cannot grant the relief prayed for; that plaintiffs have misconceived their remedy, if otherwise entitled thereto. Our independent review of the cases convinces us that the procedure whereby the creditors of a husband-debtor, in the circumstances of this case, may test the bona fides of a legal title in the name of the wife is by execution upon the property alleged to have been fraudulently placed beyond the reach of the husband's creditors: See Aurand and Aurand v. Schaffer and wife, 43 Pa. 363 (1863) ; Keeney v. Good, 21 Pa. 349 (1853) ; Flick v. Devries et al., 50 Pa. 266 (1865) ; Winter and Hartman v. Walter, 37 Pa. 155 (1860) ; Taylor v. Paul et al., 6 Pa. Superior Ct. 496 (1896), and the numerous cases there cited; Morrison v. Marks et ux., 125 Pa. Superior Ct. 177 (1937), and cases there cited; also compare Gamber v. Gamber, 18 Pa. 363 (1852) ; Cameron, Secretary of Banking, v. People's Bank of Maytown, 297 Pa. 551 (1929).

Plaintiffs suggest that they may maintain this equity action by virtue of the procedure authorized by the Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, sec. 9, 39 PS §359, which provides in part as follows:

"(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may . . .

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or

"(b) Disregard the conveyance, and attach or levy execution upon the property conveyed."

An examination of the pertinent cases under this act indicates that an action in equity is maintainable when the *debtor* has made a fraudulent conveyance, directly or indirectly. The act is inappropriate to the circumstances of this case. We cannot set aside a con-

veyance by admittedly innocent third parties to wife-defendant and were we to do so plaintiffs could not execute upon the property of the grantors. This is not a fraudulent conveyance situation; the debtor has not transferred anything for an inadequate consideration.

In Sauber v. Nouskajian, 286 Pa. 449, 454-455 (1926), Mr. Chief Justice Moschzisker stated:

"The method which plaintiff sought to pursue, of obtaining a judgment against his debtor and then taking in execution the property alleged to have been fraudulently conveyed by the latter, was the usual, and, prior to the passage of the Uniform Fraudulent Conveyance Act, 1921, P. L. 1045, the exclusive method of procedure in Pennsylvania (Hyde v. Baker, 212 Pa. 224, 226; Kemmler v. McGovern, 238 Pa. 460, 461); therefore, plaintiff was entitled to follow it."

At page 454 the opinion writer stated:

"We have repeatedly held that the established way to test the question of whether real property has been conveyed in fraud of creditors is for one claiming to be a creditor to obtain a judgment and issue execution against the premises in question as the property of his debtor, this to be followed by an ejectment at the suit of the purchaser at sheriff's sale: Hyde v. Baker, 212 Pa. 224, 226; Mantz v. Kistler, 221 Pa. 142, 144; Kemmler v. McGovern, 238 Pa. 460, 461; Handel, etc., B. & L. Assn. v. Elleford, 258 Pa. 143, 147; Am. Trust Co. v. Kaufman, 276 Pa. 35, 40; Brackin v. Welton Engineering Co., 283 Pa. 91."

We consider it clear that in view of the nonapplicability of the Fraudulent Conveyance Act plaintiffs' remedy is the alternative one of execution only, as the remedy was before the Act of 1921. An examination and analysis of South Central Building & Loan Association v. Milani et ux., 300 Pa. 250 (1930); American Trust Co. v. Kaufman, 287 Pa. 461 (1926), and

Simon v. Sorrentino, 145 Pa. Superior Ct. 364 (1941), serves only to substantiate our view.

Wherefore, plaintiffs' bill in equity is dismissed without prejudice to plaintiffs' right to proceed at law.