**Warren McDERMOTT**

v.

**RUSSELL, James A., et al.**

**Civ. A. No. 79–1028.**

United States District Court,
E. D. Pennsylvania.

Sept. 29, 1981.

---

Alan M. Feldman, Kenneth S. Siegel, Philadelphia, Pa., for plaintiff.

Francis J. Tarquini, Frank W. Jenkins, Jenkins, Tarquini & Jenkins, Ambler, Pa., for defendants.

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Now before me are the individual motions of the defendants James Russell, his wife Barbara Russell, Raymond Jenkins, Esq., and the Daily Corporation to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1]

Plaintiff's amended complaint alleges that James Russell breached an option contract he had with plaintiff to sell plaintiff stock in the Daily Corporation, that the Russells and their attorney, Raymond Jenkins, had conspired to fraudulently deprive plaintiff of his right to acquire the stock and that a receiver should be appointed for the Daily Corporation to prevent James Russell from further misappropriating and embezzling corporate assets. Having examined the motions, the responses thereto and the supporting memoranda filed by the parties, I deny the motions to dismiss.

Plaintiff filed a three count amended complaint on the basis of diversity jurisdiction. 28 U.S.C. § 1332, alleging breach of an express option contract. Count I of the amended complaint describes an oral agreement made between plaintiff and defendant James Russell in March, 1977 whereby in return for plaintiff's services in helping to bring about the reorganization of Russell's company, the Daily Corporation, pursuant to the bankruptcy laws and for the price of $1.00 plaintiff would be entitled to receive 50% of the corporation's stock owned by Russell. Plaintiff alleges that at all pertinent times Russell represented to plaintiff that he alone owned the stock. Plaintiff contends that at some point after the parties entered the oral agreement but before this agreement was memorialized in writing, James Russell with his wife, Barbara Russell, and his attorney, Raymond Jenkins (who is also an officer and general counsel of the Daily Corporation), conspired to defraud plaintiff of the proceeds of the option contract by conveying the stock owned by James Russell to the ownership of Russell and his wife as tenants by the entireties. In March, 1978 at plaintiff's insistence the oral agreement was put into writing. The amended complaint states that the agreement was drafted by James Russell's attorney, Raymond Jenkins, that both plaintiff and James Russell signed the agreement and that Raymond Jenkins also signed it as a witness. Barbara Russell was never a party to the writing which memorialized the oral option agreement. By agreement of plaintiff and James Russell, the writing was backdated to March 14, 1977 when the parties allegedly first made their oral agreement. The amended complaint alleges that the written agreement provided that plaintiff was to have until January 14, 1979 to exercise his option. Plaintiff alleges that he exercised his option by letter on November 7, 1978 but that James Russell never tendered the stock. Plaintiff requests that this court set aside the conveyance to the Russells as tenants by the entireties pursuant to Section 7 of the Uniform Fraudulent Conveyance Act, 39 P.S. § 357; that specific performance of the option contract be ordered; and that plaintiff be awarded compensatory damages of $50,000.00.

In Count II of the complaint, plaintiff alleges that the Russells and Raymond Jenkins conspired to defraud plaintiff of his share of the stock by transferring ownership of the stock to the Russells as tenants by entireties even though they knew of the oral agreement between plaintiff and James Russell. Further, plaintiff contends that James Russell and Raymond Jenkins conspired to defraud him of the stock by

1. Defendants James Russell and the Daily Corporation's respective motions also requested that plaintiff's amended complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. After two days of hearings on the issue of diversity jurisdiction, at which all the parties presented witnesses and gave oral argument, I found that the amount in controversy exceeded the requisite $10,000 exclusive of interests and costs and that there was diversity of citizenship as plaintiff is a citizen of Florida and the defendants are all citizens of Pennsylvania. Thereafter, on March 28, 1980 I entered an order denying the motions.

preparing and executing the written option agreement with full knowledge that in November, 1977 the stock was transferred to the Russells as tenants by the entireties. Plaintiff requests that he be awarded $20,000 in punitive damages.

Count III charges that James Russell misappropriated and embezzled the assets of the Daily Corporation during the time that the Daily Corporation was involved in the bankruptcy proceeding until at least early 1979 when plaintiff left the corporation. Russell is alleged to have accomplished this by submitting fictitious purchase invoices and fraudulent expense accounts and by having work performed on his personal residence and billing the cost of the repairs to the corporation. Further, plaintiff alleges that he is a creditor of the corporation in that he is the holder of an option agreement which entitles him to 50% of the Daily Corporation's outstanding stock and that he is the owner of the building where the Daily Corporation leases its office space and its manufacturing plant. Plaintiff requests that the Court appoint plaintiff as the receiver for the corporation, or in the alternative, that an independent receiver be appointed to operate the corporation.

■ In reviewing a motion to dismiss it is well established that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts at trial to support his claim. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter*, 620 F.2d 29 (3d Cir. 1980).

■ Defendant James Russell contends that the complaint fails to state a claim for an enforceable oral contract or an enforceable written contract. The oral contract is alleged to be unenforceable because it lacks specificity and credibility, and because it violates the statutes of frauds provision of the Uniform Commercial Code, 13 Pa.C.S.A. § 8319. Russell argues that the written contract is unenforceable because even though it was backdated to March 14, 1977 it was actually executed in March, 1978 and by that time James Russell had validly conveyed the stock to the joint ownership of both he and his wife.

The statute of frauds provision of the Uniform Commercial Code, 13 Pa.C.S.A. § 8319, states in relevant part:

> A contract for the sale of securities is not enforceable by way of action or defense unless:
>
> (1) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price;

Plaintiff has alleged facts sufficient to withstand the motion to dismiss and he is entitled to have the opportunity to prove that the oral contract, on which plaintiff relies in his amended complaint, is enforceable under the statute of frauds. Plaintiff contends that the oral contract is enforceable under 13 Pa.C.S.A. § 8319 because the writing signed by defendant James A. Russell is sufficient to show that an oral contract was made; therefore, the oral contract does not violate the statute of frauds. Plaintiff also contends that the stock was to be given to him in exchange for his services in bringing the corporation out of bankruptcy, which he alleges that he did. As compensation for his services plaintiff argues that his receipt of the stock would not be a sale within the meaning of 13 Pa.C.S.A. § 8319 and that therefore the statute of frauds provision would not apply. After having examined the writing of March 1978 in light of Section 8319 I conclude that dismissal would not be proper at this time since plaintiff's allegations are sufficient to present a claim for an enforceable oral contract which has been acknowledged in writing and therefore is not barred by the statute of frauds. Further, plaintiff has alleged sufficient facts from which it could be found at trial that his contract with James Russell was a contract for the delivery of stock in exchange for services and that therefore this transaction would be outside the scope of the statute of frauds. *Baldas-*

*sarre v. Singer*, 444 Pa. 100, 282 A.2d 262 (1971).[2]

■ Both James and Barbara Russell argue in their respective motions that plaintiff has not stated a sufficient claim of fraud under the Uniform Fraudulent Conveyances Act, 39 P.S. §§ 351–363, to require that the conveyance of the stock to them as tenants by the entireties be set aside.

In his amended complaint, plaintiff bases his claim to set aside the transfer of the Daily stock on 39 P.S. § 357 of the Uniform Fraudulent Conveyance Act which provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

Under the Act a creditor is defined as "a person having a claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." 39 P.S. § 351. A conveyance is "every . . . transfer . . . of tangible or intangible property . . . ." *Id.* Further, where there is a conveyance by a husband to himself and his wife as tenants by the entireties "actual fraudulent intent appears prima facie from a conveyance for a nominal consideration." *Simon v. Sorrentino*, 145 Pa.Super. 364, 367, 20 A.2d 805, 807 (1941). I conclude that plaintiff's allegations are sufficient to constitute a claim for fraudulent conveyance of the Daily stock;[3] therefore, I will deny the motion to dismiss.

Defendants James Russell, Barbara Russell and Raymond Jenkins contend that plaintiff has not stated a claim for civil conspiracy. James Russell contends that it is legally impossible for him to have conspired with his wife or with his attorney. Barbara Russell and Raymond Jenkins contend that plaintiff has failed to allege that any of the parties were engaged in an unlawful purpose. Raymond Jenkins argues that the amended complaint fails to state a claim against him for civil conspiracy because it contains insufficient allegations to establish that he acted in any capacity other than as an attorney for James Russell or the Daily Corporation and the allegations are inadequate to establish one of the elements of a civil conspiracy, that Jenkins and James Russell's alleged civil conspiracy in drafting the option agreement and the instrument transferring the stock into joint ownership was perpetrated with an unlawful purpose or by an unlawful means. The plaintiff contends that Jenkins' participation in the conspiracy is established by defendant's admissions that acting as counsel he drafted both the instrument which transferred the Daily Corporation stock into the Russells' joint ownership and the stock option; therefore, it is argued that Jenkins must have known he was assisting James Russell to obtain the services of McDermott for a consideration he had conspired to make worthless.

■ Under Pennsylvania law a civil conspiracy is "a combination of two or more persons to do an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose." *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 224, 282 A.2d 335, 341 (1971) (citations omitted). After examining plaintiff's complaint in light of this statement of Pennsylvania law I conclude that plaintiff has stated

---

**2.** In *Baldassarre v. Singer*, 444 Pa. 100, 282 A.2d 262 (1971), the Supreme Court of Pennsylvania held that under the terms of an employment contract whereby two employees were to receive as compensation $13,000 per year each plus ten percent of the stock of the corporation, that transfer of the stock was not a sale under 12A Pa.Const.Stat. § 8–319 (currently 13 Pa. Stat.Ann. § 8319 (Purdon)) and that the employees' oral contract was not barred by the statute of frauds. .

**3.** It is well established that on a motion to dismiss it is proper to consider only the sufficiency of the complaint. *See Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The defendants here rely upon affidavits containing allegations of nonfraudulent conduct in support of their motions. Even if I were to treat the motions as motions for summary judgment filed pursuant to Fed.R.Civ.P. 56, the affidavits merely highlight factual disputes which preclude the entry of summary judgment.

sufficient facts to withstand the motion to dismiss the civil conspiracy claim. Plaintiff alleges that Jenkins and at least one other defendant, James Russell, with full knowledge of the oral agreement, acted in concert to fraudulently deprive him of the stock that he was promised. The described conduct of the defendants if proven at trial would be unlawful, and plaintiff would be entitled to relief under the Fraudulent Conveyance Act, *supra.* Accordingly, I will deny the motion to dismiss the civil conspiracy claim.

Finally, defendant James Russell and the Daily Corporation contend that plaintiff has failed to state a claim for the appointment of a receiver in that plaintiff has not alleged that the Daily Corporation is insolvent, that it has defaulted on any of its obligations, or that the defendants have defrauded the corporation. Further, these defendants argue that since plaintiff has failed to allege that he is a creditor or shareholder of the corporation he does not have standing to sue for the appointment of a receiver.

 It has long been recognized that the appointment of a receiver is an equitable remedy of an extraordinary nature which is to be used by a district court only where there is a showing of "fraud, or [the] imminent danger of property being lost, injured, diminished in value, or squandered and where legal remedies . . . appear to be inadequate. . . ." *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959). As a prerequisite for the appointment of a receiver it is necessary for a plaintiff to show "the existence of some legally recognized right held by the creditor [plaintiff] in the debtor's [defendant] property amounting to more than a mere claim against the debtor [defendant]." *Id.* at 825. Plaintiff has stated sufficient facts to withstand the motion to dismiss the claim for appointment of a receiver. Plaintiff has alleged that the company is suffering financial loss because of defendant James Russell's embezzlement and conversion of corporate assets. Even though plaintiff has not established that presently he is a credi-

tor or shareholder of the Daily Corporation, he has alleged an equitable right to 50% of the shares. This equitable interest if established at trial may entitle plaintiff to have a receiver appointed and in that even the Daily Corporation is a party needed for the just adjudication of this case pursuant to Fed.R.Civ.P. 19(a). The motions to dismiss will be denied.